[No. 12269.    Department Two.    December 1, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH CONROY, *Appellant*.[1]

ROBBERY—EVIDENCE—IDENTIFICATION OF PROPERTY—ADMISSIBILITY. In a prosecution for robbery, the introduction in evidence of certain property, taken from the accused, and belonging to the companion of the prosecuting witness who was robbed at the same time, is not inadmissible because not sufficiently identified, merely because evidence of identification was somewhat meager.

CRIMINAL LAW—EVIDENCE—OTHER CRIMES—ADMISSIBILITY. Where the robbery of two persons was but one transaction, evidence of articles taken from either of them, is admissible under an information charging robbery of the other.

CRIMINAL LAW—TRIAL—MISCONDUCT OF COUNSEL. It is not reversible error that the prosecuting attorney answered a question of the prisoner's counsel as to what certain things consisted of, in the presence of the jury, when the jury would not have understood it as being part of the evidence.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot be predicated upon the argument of counsel to which no exception was taken; nor where the court removes any prejudice that might arise.

APPEAL—REVIEW—ERROR INVITED BY APPELLANT. Error in argument to the jury cannot be urged where it was invited by unsparing remarks of opponent's counsel; since the court has a large discretion in such matters, and need not be over-querulous with complaints made by one whose argument bordered on the illegitimate.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 11, 1914, upon a trial and conviction of robbery. Affirmed.

*Longfellow & Fitzpatrick*, for appellant.

*John F. Murphy* and *S. H. Steele*, for respondent.

FULLERTON, J.—Joseph Driscoll, Edward Rowan, and Joseph Conroy were jointly informed against, and jointly

[1]Reported in 144 Pac. 538.

convicted of the crime of robbery, and severally sentenced to a term in the penitentiary.   Conroy appeals.

The information upon which the accused were tried charged a robbery from the person of one Ernest B. Sather.   At the trial, the evidence on the part of the state tended to show that, at the time of the robbery, Sather was in company of one Hendrickson; that both were assaulted, and property taken by the accused from the person of each of them.   This property was, in part, found on the person of Conroy after the arrest of the accused, and in part found in the bed of the patrol wagon in which the accused were carried from the place of arrest to the police station..   Hendrickson was not present at the trial, having left the state sometime after the robbery without the knowledge of the prosecuting officers.   The state, on the identification of Sather, was permitted to introduce in evidence certain property as property taken from the person of Hendrickson.   This is assigned as error, for two reasons, first, because there was not sufficient identification of the property, and, second, because the accused were not charged with the robbery of Hendrickson.

As to the first objection, we think, without reviewing the evidence in detail, that the identification, when taken with the surrounding circumstances, was sufficiently complete to permit its introduction.   It is true, as the appellant says, Sather's knowledge as to Hendrickson's possession or ownership of the property was somewhat meager, but it is the guilt of the accused that the state must prove beyond a reasonable doubt, not each separate circumstance, or item of evidence, properly to be shown to make out such guilt.

The second objection is equally without merit.   The robbery of both Sather and Hendrickson was but one transaction, and under the almost universal rule, the entire transaction can be shown in a prosecution for the the robbery of either of them.   The rule is not changed because the evidence may show offenses capable of separation and prosecution as independent crimes.   Evidence relevant to the crime charged is

not inadmissible because it may tend to show the commission of another and independent crime. *Blanton v. State*, 1 Wash. 265, 24 Pac. 439; *State v. Craemer*, 12 Wash. 217, 40 Pac. 944; *State v. Hyde*, 22 Wash. 551, 61 Pac. 719; *State v. Norris*, 27 Wash. 453, 67 Pac. 983; *State v. Dana*, 59 Wash. 30, 109 Pac. 191.

During the course of the trial, in the cross-examination of one of the defendants, the prosecutor questioned him concerning his knowledge of certain articles of personal property exhibited to him. After a number of such articles had been inquired about, the attorney for the defendants interrupted the examination with the remark, "Now, if your honor please, I thought he had exhibits in this case. What are all of these things?" To which the prosecutor made reply: "Hendrickson's stuff, taken by one of these defendants." The reply is thought to be prejudicial error, but manifestly it was not so. The statement was merely an answer to the query of counsel, and the jury cannot be presumed to have understood it otherwise, or as forming any part of the evidence.

The remaining assignments of error are founded upon the argument of the prosecuting attorney to the jury. As to the greater portion of these, it is a sufficient answer to say that no exceptions were taken to the statements claimed to be improper. In the instance where the objection can be held to be sufficient, the court promptly took action and removed any prejudice that could arise therefrom. Again, we are inclined to think the error, if any was committed, was invited by the defendants. Enough is in the record to show that their own counsel was not sparing in his comments upon either the prosecuting attorney or the witnesses on the part of the state. While it is the duty of the trial judge, in the interests of public justice and decency, to keep the arguments of counsel within proper bounds, a large discretion is accorded him in determining what is proper argument; and when the appellate court finds that one side has indulged in arguments bordering on the illegitimate, it will not be over-querulous with

complaints made of the other side because reply was made in kind.

We find no error in the record, and the judgment will stand affirmed.

CROW, C. J., MAIN, MOUNT, and ELLIS, JJ., concur.