[No. 12479.   Department One.   July 13, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH
DRISCOLL, *Appellant*.[1]

EVIDENCE—JUDICIAL NOTICE.  The supreme court takes notice of
the fact that the superior court of King county is composed of several judges.

CRIMINAL LAW—TRIAL—HABITUAL CRIMINALS—PROCEDURE — DIFFERENT JUDGES—SENTENCE.   Under Rem. & Bal. Code, § 2178, of the
habitual criminal statute, which provides that the court shall . . .
before sentence impanel a jury to try the fact of former conviction,
the principal case may be tried by one of the judges, and the supplemental charge of being an habitual criminal may be tried by another judge of the same court, although the statute makes no provision for trials by separate judges; and either judge may consider
both verdicts in determining the sentence.

SAME—HABITUAL CRIMINALS—SENTENCE.  Under Rem. & Bal. Code,
§ 2178, of the habitual criminal statute, requiring the supplemental
charge of being an habitual criminal to be tried before sentence in
the principal case, it is not necessary to pronounce judgment before
a trial is had upon the supplemental proceeding, although the trials
are had before different judges.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered June 20, 1914, upon a trial and
conviction of being an habitual criminal.   Affirmed.

*George McKay* and *Thomas Byron MacMahon*, for appellant.

*John F. Murphy* and *S. H. Steele*, for respondent.

MOUNT, J.—The appellant, Joseph Driscoll, and two others were jointly charged with the crime of robbery.   Upon a
trial, all three of the defendants were found guilty by a verdict of a jury.   After this verdict was returned and before
sentence, a supplemental information was filed charging the
appellant, Driscoll, with being an habitual criminal.   The
trial upon the charge of robbery was before the Honorable

[1]Reported in 150 Pac. 2.

J. T. Ronald, one of the judges of the superior court for King county, and the trial of the supplemental information was referred to and had before the Honorable Mitchell Gilliam and a jury. This trial before Judge Gilliam resulted in a verdict finding the appellant guilty of being an habitual criminal. Thereupon Judge Gilliam entered an order adjudging "that said defendant is guilty of being an habitual criminal as charged in the information." Thereafter, Judge Ronald took into consideration the judgment of Judge Gilliam and sentenced the appellant to the penitentiary for a period of not less than ten nor more than twenty-five years. This appeal is taken from that judgment.

Several errors are assigned in the appellant's brief; but most of these alleged errors were disposed of in *State v. Conroy*, 82 Wash. 417, 144 Pac. 538, which was an appeal by Conroy from the judgment entered in the original case, to which the appellant in this case was a defendant. We are satisfied with our conclusion upon these points and shall, therefore, not consider them further.

The only assignment in this case not discussed in the *Conroy* appeal is that the law does not authorize the trial of the original action to be had by one judge, and the trial of the supplemental charge by another judge. The statute relating to a case of this kind is found at Rem. & Bal. Code, § 2178, and is as follows:

"If the defendant pleads guilty to the principal charge, or, if after trial, he shall be found guilty of such principal charge by a jury, unless the defendant admit the fact of such former conviction or convictions, the court shall . . . before sentence, impanel a jury to try the fact of such former conviction or convictions, and if such jury find, from the record thereof, or other competent evidence that such person has been once or twice before convicted of a crime, which under the laws of this state would amount to a felony, such jury shall make a return of such fact to the court. In case that such jury find that such person has been but once before convicted of a felony, the return shall show the time of his sentence under such former conviction."

And § 2179 provides:

"In every case where a person is convicted of a felony and the jury impaneled for that purpose, in the manner provided in section 2178, find that the person has been once before convicted of a crime, either in this state or elsewhere, which under the laws of this state would amount to felony . . . he shall be sentenced to a term in the penitentiary of not less than double the time of the sentence upon the former conviction. . . ."

The appellant contends that it was error for the judge who tried the original case to refer the trial of the supplemental information to another judge. He argues that there is no law for such a proceeding. It is apparent that the appellant was tried by the same court upon both issues. The fact that two different judges participated does not change that fact. Section 2178, it is true, makes no provision for another judge to try the defendant upon a supplemental information. The statute says: "the court shall . . . before sentence, impanel a jury to try the fact of such former conviction." This court takes notice of the fact that the superior court for King county is composed of several judges. We think it cannot be reasonably contended that, because the facts were determined by different judges of that court, these facts are not determined by the court. No authorities are cited by the appellant to the effect that, in a case of this kind, the principal case may not be tried by one of the judges of the court and the supplemental charge by another judge of the same court, and that the judge who tried the principal case may not, upon all the findings, pronounce a final judgment. It is apparent that the final judgment was the judgment of the court. The findings of fact upon which the judgment was based were regularly found, and were required by the statute to be considered, and it was not error for either judge to take into consideration both verdicts in determining what sentence should be pronounced.

Some point is made that Judge Ronald did not sentence the appellant upon the original trial before the supplemental

trial was had; and, also, that Judge Gilliam, before whom the supplemental hearing was had, did not enter a sentence. The statute itself provides that if, after the trial, the defendant be found guilty of the principal charge, the court shall before sentence impanel a jury to try the fact of such former conviction; indicating very clearly that it is not necessary to pronounce judgment upon the original conviction before a trial is had upon the supplemental information. The procedure in this case is substantially the procedure which was sustained in *State v. Miller*, 78 Wash. 268, 138 Pac. 896, where we held:

"The jury, having returned a verdict of guilty, a supplemental information was then filed charging appellant with being an habitual criminal, upon which appellant was tried and convicted."

There was no error in the method of the trial, or in the judgment and sentence. The judgment is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.