[No. 14457.  Department One.  April 15, 1918.]

W. C. McDorman, *Respondent*, v. C. Arthur Dunn *et al., Appellants*, C. E. Svensen *et al., Defendants*.[1]

Carriers—Jitney Busses—Injury to Passengers—Actions—Instructions.  In a passenger's suit for injuries sustained through the concurrent negligence of the drivers of a jitney and an automobile, instructions are not erroneous as rendering the jitney owner liable regardless of whether his negligence was the proximate cause, where they clearly charged that the negligence of the driver of the jitney, or the concurrent negligence of both drivers, must have caused the collision before verdict could be rendered against appellants.

Same.  An instruction is not prejudicially erroneous in requiring of a jitney bus driver the highest degree of care, without qualification by the clause, "consistent with the practical conduct of the business," where the instruction complained of plainly referred to the definition of his duty given in another instruction containing the qualification.

Same—Jitneys—Injury to Passengers—Negligence—Evidence—Sufficiency.  In a passenger's suit for injuries sustained through the concurrent negligence of the drivers of a jitney and an automobile, a verdict against the former is sustained, where it appears that the street was wet and slippery, the jitney was not equipped with non-skidding devices, and was being driven at an unlawful and dangerous speed, and just before the accident, it swerved and struck the automobile, and was thrown by the force of the impact a distance of 85 feet.

Witnesses—Impeachment—Effect.  The impeachment of a witness by his testimony given in the police court affects the weight and credibility, and not the competency, of the evidence.

Damages—Personal Injuries—Excessive Verdict.  A verdict for $2,500 for injuries sustained in an automobile collision is not excessive, where plaintiff, a veterinary surgeon, 64 years of age, sustained a cut over the right eye, a broken collar bone, and partial loss of motion of the right arm, was rendered unconscious and from the date of the injury suffered great pain, loss of sleep, and ability to care for himself.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 16, 1917,

[1]Reported in 172 Pac. 244.

upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*O. C. Moore* and *Henry S. Noon,* for appellants.
*Plummer & Lavin,* for respondent.

WEBSTER, J.—On November 2, 1916, the plaintiff, while a passenger upon a jitney owned and operated by defendant Dunn, sustained injuries in a collision between the jitney and an automobile owned and operated by the defendants Svensen. The accident occurred at the intersection of Hamilton street, running north and south, and Mission avenue, running east and west, in the city of Spokane. The intersection of the thoroughfares, which was paved with asphalt, was wet and slippery because of recent rains. The scene of the collision is in a thickly settled residence portion of the city, but outside the fire limits.

This action was brought by the plaintiff against the owner of the jitney, Casualty Company of America, as surety upon the bond executed pursuant to Chapter 57, Laws 1915, and the owners of the automobile; charging that Dunn and the Svensens were jointly and concurrently guilty of negligence which caused the collision, in that both automobiles were operated in a careless and negligent manner and at an excessive and unlawful rate of speed, and in violation of the traffic ordinances of the city of Spokane restricting the rate of speed at the place of the accident to twenty miles per hour. As to the defendant Dunn, it was further charged that the jitney was not equipped with chains or other like devices for the purpose of enabling it to be properly controlled.

The defendants Dunn and the casualty company, answering the complaint, admitted the negligence of the Svensens, but denied all allegations of negligence

upon the part of the driver of the jitney; further plead-
ing an ordinance of the city of Spokane providing that
at street intersections, vehicles traveling in a north-
erly or southerly direction shall have the right of way
as against vehicles traveling in an easterly or westerly
direction, and that the jitney, at the time of the col-
lision, was proceeding northerly on Hamilton street
while the automobile was being driven westerly upon
Mission avenue; also, that the accident was wholly the
result of the negligence and carelessness of the driver
of the Svensen automobile, and was wholly unavoid-
able in so far as the driver of the jitney was concerned.

The defendants Svensen and wife, for answer, denied
all negligence on their part, but admitted the allega-
tions of the complaint charging negligence of the owner
and driver of the jitney. No claim of contributory
negligence was made—the plaintiff being a passenger
upon the jitney.

Upon these issues, the cause was tried to a jury,
which returned a verdict in favor of the plaintiff for
the sum of $2,500 against Dunn and the casualty com-
pany, exonerating the defendants Svensen and wife
from liability. After denying a motion for a new trial,
judgment was entered upon the verdict, from which
Dunn and the casualty company have appealed.

It is first insisted that the jury was erroneously
charged that negligence in the operation of the jitney
would render its owner and the bonding company liable
regardless of whether such negligence was the proxi-
mate cause of the accident. As we read the instruc-
tions, this assignment is without merit. Upon this
subject the court charged the jury as follows:

"Instruction No. 5. It was the duty of the driver of
the jitney towards the plaintiff, being a passenger up-
on the jitney, to exercise the highest degree of care
compatible with the practical operation of the jitney

at the time and place in question; and if the driver of the jitney exercised that degree of care at the time and place in question, then the owner of the jitney would not be negligent in its operation, and could not be held liable for the result of this collision. But, on the other hand, if the driver of the jitney did not exercise that degree of care *and the accident resulted because of that fact,* then the owner of the jitney would be guilty of negligence and would be liable to the plaintiff for any injuries sustained in the collision, regardless of whether the driver of the other automobile was negligent or not.

"Instruction No. 9. If under the instructions I have given you, you find that the jitney only was operated in a careless and negligent manner, *and that the collision occurred solely because of the negligence of the jitney driver,* then you will find a verdict in favor of plaintiff and against the defendant C. Arthur Dunn, and also against the defendant the Casualty Company of America for the injuries sustained. But, if the verdict exceeds $2,500, then as against the defendant Casualty Company of America your verdict will be limited to $2,500. If, however, you find that the collision occurred through the negligence of the driver of the Svensen automobile alone, then your verdict will be in favor of plaintiff and against the defendants Svensen and wife alone. On the other hand, if you find that both the driver of the jitney and the driver of the Svensen automobile were negligent *and the collision resulted in consequence,* then your verdict will be against the defendant C. Arthur Dunn and the defendants, Svensen and wife, and the defendant, the Casualty Company of America."

It is plain from a reading of these instructions, that the jury was clearly and correctly charged that the negligence of Dunn, or the concurrent negligence of Dunn and the Svensens, must have caused the collision, before a verdict could be rendered against the appellants. That is to say, that such negligence and the resulting collision must stand in the relation of cause and effect. This embodies the essential element of proximate

cause. If appellants desired a more technical defini-
tion of the doctrine, they should have so requested.
The instructions complained of in this respect are
commendable in that they are couched in language
which is plain, accurate and readily understood by a
jury of laymen. *Hellan v. Supply Laundry Co.,* 94
Wash. 683, 163 Pac. 9.

Complaint is next made of the following instruction:

"Instruction No. 8. I charge you that the vehicle
operated in a northerly and southerly direction has
the right of way against a vehicle operated easterly
and westerly, and while the operator of the jitney bus
had, under the law, the right of way in crossing Mis-
sion Avenue, while he was going in a northerly direc-
tion, as distinguished from the right of said Svensen
and wife and their driver, this does not mean that the
jitney bus driver had the exclusive right to operate
said jitney at any rate of speed which said driver saw
fit to operate it at, neither would said right of way
excuse him from exercising the highest degree of care
under the circumstances, and although the jitney bus
had the right of way in crossing said intersection of
said streets, going in a northerly direction, yet if the
driver of said jitney bus saw the automobile running
westerly on Mission Avenue approaching the intersec-
tion at a high, unlawful, excessive, and dangerous rate
of speed, that regardless of any negligence which the
driver of the automobile owned by defendants Sven-
sen and wife, was committing, the jitney bus driver, in
the exercise of the highest degree of care, should have
used every reasonable precaution to prevent said auto-
mobile from coming into collision with said jitney bus,
in other words, a man cannot, under the law, deliber-
ately run into threatened danger, simply because he
has the right of way over a certain street when he is
carrying passengers for hire, and is charged with the
duty of exercising the highest degree of care."

It is urged that this instruction was erroneous for
the reasons: (1) that it imposed upon the jitney driver
the unqualified duty of exercising the highest degree

of care in the operation of the vehicle; that is to say, it did not contain the qualifying clause "consistent with the practical conduct of the business," or language of similar import; (2) that it is so confused and involved as to be unintelligible. As to the last proposition, the instruction, as its own commentary, refutes the criticism. It is sufficiently plain and unambiguous to advise a person of ordinary understanding with reference to the provisions of the right of way ordinance as applicable to the facts of this case, and is a clear and wholesome statement of the law upon the subject. As to the first proposition, if this instruction stood alone, it would be subject to the criticism made. But when taken in connection with other portions of the charge contained in instruction number 5, hereinbefore set out, we are convinced that it was neither confusing nor erroneous. The expressions, "exercise of the highest degree of care" and "is charged with the duty of exercising the highest degree of care," plainly refer to the definition of the duty devolving upon the driver of the jitney embodied in instruction number 5, where the court said:

"It was the duty of the driver of the jitney towards the plaintiff, being a passenger upon the jitney, to exercise the highest degree of care compatible with the practical operation of the jitney at the time and place in question."

It is the settled law of this state that the instructions must be considered as a whole; that although a portion thereof, if standing alone, may be technically erroneous and have a tendency to confuse and mislead the jury, yet it will not constitute prejudicial error, if, when taken in connection with other instructions given, the jury could not have been misled as to the principles of law applicable to the issues. *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225; *Olmstead v. Olym-*

*pia,* 59 Wash. 147, 109 Pac. 602; *Sudden & Christenson v. Morse,* 55 Wash. 372, 104 Pac. 645; *St. John v. Cascade Lumber & Shingle Co.,* 53 Wash. 193, 101 Pac. 833; *Manhattan Bldg. Co. v. Seattle,* 52 Wash. 226, 100 Pac. 330; *Gray v. Washington Water Power Co.,* 30 Wash. 665, 71 Pac. 206.

In the case of *Firemen's Fund Ins. Co. v. Oregon-Washington R. & Nav. Co.,* 96 Wash. 113, 164 Pac. 765, relied upon by appellants, the instructions were absolutely contradictory and inconsistent, in that in the one instance the jury was told that the defendant must exercise the *highest degree of care consistent with the practical conduct of its business,* while in the other it was told that the defendant need only exercise *ordinary and reasonable care in the light of the attending circumstances and surroundings.* That case has no relation to the principle involved in the present discussion. Here the court fixed the proper standard with reference to the duty devolving upon the jitney driver which was clearly and accurately defined in instruction number 5. The degree of care referred to in instruction number 8 plainly relates to the same degree of care defined in the former instruction, which it was not necessary, though perhaps proper, to repeat.

It is next urged that the evidence is insufficient to sustain the verdict. In this connection it is only essential to say that the principal contest waged before the jury was between Dunn and Svensen, each endeavoring to absolve himself from liability by shifting the burden of the blame upon the other; that there was competent evidence tending to show that the jitney was not equipped with chains or other non-skidding devices; that it was being driven at a rate of speed variously estimated from 25 to 35 miles per hour, and that immediately prior to the collision it swerved or turned toward the left and struck the Svensen auto-

mobile near the middle of the street intersection; that the force of the impact threw the jitney along and across the street a distance of 85 feet, and when stopped it was turned around facing the opposite direction, the automobile being thrown 75 feet to the opposite side of the street, with its rear wheels upon the curb; that the Svensen automobile was also being driven at a dangerous and reckless rate of speed, estimated at from 25 to 35 miles per hour, and that when approaching the street intersection, neither vehicle slackened speed. Under such testimony it would have been competent for the jury to fix liability upon either or both of the principal defendants. The fact that the Svensens were exonerated affords the appellants no just cause for complaint.

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another." *Hellan v. Supply Laundry Co., supra.*

Considerable space in the brief is devoted to a discussion of the fact that some of the witnesses had given testimony in the police court which contradicted their evidence in the superior court. Clearly such circumstance affected the weight and credibility—not the competency—of the testimony, which presented a question within the peculiar province of the jury.

Finally, it is insisted that the verdict is excessive. The record discloses that the plaintiff, a veterinary surgeon, was 64 years of age; that he sustained a cut 5 or 6 inches in length over the right eye, extending into the hair, requiring a number of stitches to close the wound; that he was rendered unconscious, the right collar bone being broken resulting in the partial loss

of motion of the right arm; that at the time of the trial, which occurred more than three months after the accident, he could only elevate the right arm to a position at right angles with his body when standing erect; that from the date of the injury the plaintiff suffered great pain in his head, neck and shoulders, was exceedingly nervous, suffered from sleeplessness, and was unable to dress himself without assistance. There was also competent expert evidence tending to show that the injury to the arm and shoulder was permanent. The trial court saw and observed the plaintiff, and heard all of the evidence relating to this subject, and thereafter refused to disturb the verdict. We are not prepared to say that in so doing there was any abuse of discretion. Finding no error, the judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.