[No. 18298. Department One. May 5, 1924.]

# C. H. BONE, *Respondent,* v. YELLOW CAB COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (383)—USE OF STREETS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The negligence of a taxicab driver in turning to the left in an effort to avoid a pedestrian, the proximate cause of the injury, and the contributory negligence of a pedestrian, are questions for the jury, where there was evidence of the pedestrian's tardiness in turning to the right, and of banked snow to the right of the driver.

SAME (380, 392)—VIOLATION OF ORDINANCE—NEGLIGENCE—INSTRUCTIONS. The violation of an ordinance requiring automobiles to travel to the right of the center of the street is not negligence, as a matter of law, since the circumstances might justify such action, in the exercise of ordinary care.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered July 5, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*McCarthy, Edge & Lantz,* for appellant.
*John H. Roche,* for respondent.

PARKER, J.—The plaintiff, Bone, seeks recovery of damages for personal injuries, claimed as the result of the alleged negligent driving of one of the defendant cab company's taxicabs on Monroe street, in Spokane. A trial in the superior court for Spokane county sitting with a jury, resulted in verdict and judgment awarding to plaintiff recovery, from which the defendant has appealed to this court.

It is first contended in behalf of appellant that the evidence does not support any recovery. A somewhat careful reading of the evidence convinces us that the jury might well have believed the occurrences attend-

[1] Reported in 225 Pac. 440.

ing respondent's injury to have been in substance as follows: Monroe street, with two street car tracks upon it, runs north and south, the center line of the street being midway between the two tracks. The time in question was about 5:30 o'clock during a winter morning. About twelve inches of snow was then upon the ground, six or eight inches of which was fresh and had fallen during that night. The sidewalks were not then cleared of the fresh snow. The street car tracks and the space between them had in some considerable measure been cleared of snow by the running of street cars, and evidently by the using of snowplows by the street car people. This had resulted in banks of snow, somewhat more than a foot high, being made on the extreme outside of the tracks. During that morning automobiles were using this cleared space; it being somewhat inconvenient by reason of the piled-up snow to use other portions of the street. Pedestrians were also then using this cleared space. Respondent was walking south between the rails of the east car track. At the same time the driver of appellant's taxicab was driving it north along the same track, that being on his right side of the street. When there was a space of 100 or 150 feet between respondent and the taxicab, both he and the driver recognized that they were approaching each other, at which time the driver sounded the horn. There is some evidence to indicate that the taxicab was being driven somewhat in excess of the lawful rate of speed.

Respondent, seeing the taxicab approaching, turned to his right, that is, to the west, onto the space between the two tracks, shortly before the driver of the taxicab changed his direction. However, the driver of the taxicab also turned to his left, that is, to the west, and respondent, seeing his dangerous situation so arising, proceeded farther to the west over the west car track,

and was struck by the taxicab at a point some four feet west of the west car track, thereby receiving the injuries of which he complains. The driver of the taxicab insists that he turned to the west not later than when respondent turned to the west, this in an endeavor to avoid striking respondent, and that the banked snow on the east of the car track and respondent's late turning to the west justified him in turning to the west, though on the west side he would, under ordinary conditions, be driving in the wrong direction in violation of law. We think the evidence was such that it was a case for the jury to determine whether or not the driver of the taxicab was negligent and his negligence the proximate cause of the injury; and also whether or not respondent was guilty of contributory negligence approximately contributing to the injury. We therefore conclude that the trial court did not err in submitting those questions to the jury.

It is further contended in appellant's behalf that, in any event, the trial court erred to its prejudice in giving to the jury an instruction reading as follows:

"The ordinances of the city of Spokane require that a vehicle shall travel to the right of the center of the street. I instruct you that if you find from a preponderance of the evidence that the taxicab in question was at the time it struck the plaintiff traveling to the west of the center of the street, the driver of the cab was guilty of negligence and your verdict should be for the plaintiff if you further find that such negligence was the proximate cause of the collision with plaintiff."

This, it seems to us, was in effect an instructing of the jury that the fact of the driver of the taxicab driving it upon the wrong side of the street, that is, the west side, at the time the taxicab came into collision with respondent, rendered the driver guilty of negligence as a matter of law. We think this was error

prejudicial to the rights of appellant. Our decision in *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, seems to be conclusive on this question. In that case there was involved an instruction, in substance, that if the jury believed that the driver of the automobile turned it from the right to the left side of the street in violation of the ordinance, but did so in an emergency and in an effort to avoid an injury, then such violation would not constitute negligence. This statement of the law applicable to such a situation as the jury might there have believed to exist, and as the jury might here have believed to exist, was approved in this language:

"We have no doubt that this is a correct statement of the law. Circumstances may arise where it is entirely proper, in the exercise of reasonable care, to violate the ordinance by turning an automobile to the wrong side of the street. The mere fact that the automobile may be on the wrong side of the street at the time of the collision is not conclusive of negligence, because the driver of the automobile had a right to show why he so did and to excuse that action, and if the jury believed that, in the exercise of ordinary care under the circumstances, he was justified in turning to the wrong side of the street, there could be no negligence in such act upon which recovery could be had."

We must, therefore, hold that this instruction was error to the prejudice of appellant entitling it to a new trial. The refusal to give certain requested instructions is also complained of, but we think the subject-matter thereof was fairly covered by other instructions given by the court.

The judgment is reversed, and the cause remanded to the superior court with instructions to award appellant a new trial.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.