[No. 19308. Department One. June 23, 1925.]

RALPH SHERRILL, *Respondent*, v. OLYMPIC ICE CREAM COMPANY, *Appellant*.

KATHERINE FRAZER, *Respondent*, v. OLYMPIC ICE CREAM COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS (380, 392)—USE OF STREETS—VIOLATION OF ORDINANCE—NEGLIGENCE—INSTRUCTIONS. Upon an issue as to whether a truck in an automobile collision was on the wrong side of the street, error cannot be assigned on instructing that the driver of the truck was guilty of negligence if he violated the state law as to passing on the right-hand side, if the truck was on the wrong side of the street "without justification or necessity."

SAME (381, 392)—USE OF STREETS—RATE OF SPEED—INSTRUCTIONS. Upon an issue as to negligence in the speed of a truck in an automobile collision, error cannot be assigned upon instructing that it would be negligence to exceed the city speed limit provided such speed was the cause of the accident; nor was it objectionable as not relating to the speed beyond the street intersection where, in view of the next instruction, the jury could not have been misled.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $3,000, in addition to hospital and medical expenses, for personal injuries sustained by a young woman twenty-one years of age, will not be held excessive, where she was severely bruised and shocked, permanently scarred in the face, the use of one finger seriously impaired interfering with her work on the typewriter and playing the piano, and there was nothing to indicate that the jury were actuated by passion or prejudice.

SAME (80). A verdict for $1,000, in addition to hospital and medical expenses, though liberal, does not appear to be actuated by passion or prejudice, where the victim of an automobile collision sustained several cuts and abrasions and a nervous shock, was in the hospital one day, and absent from work four or five days, and the use of one finger was impaired interfering with his work to some extent at the time of the trial.

Appeal from judgments of the superior court for Pierce county, Chapman, J., entered December 16, 1924, upon verdicts rendered in favor of the plaintiffs,

[1]Reported in 237 Pac. 14.

in consolidated actions for personal injuries sustained in an automobile collision. Affirmed.

*F. G. Remann* and *Reynolds, Ballinger & Hutson,* for appellant.

*Raymond J. McMillan, Ernest K. Murray,* and *Leo Teats,* for respondent.

MAIN, J.—In the superior court, separate actions were begun by Ralph Sherrill and Katherine Frazer against the defendant for personal injuries. These cases were consolidated, tried to a jury, and resulted in a verdict in favor of Sherrill for $1,345, and for Miss Frazer for $3,104.10. Motion for new trial being made and overruled, separate judgments were entered upon the verdicts, and the defendant appeals.

The accident happened in the city of Tacoma on the 20th day of March, 1924, at about 4:45 o'clock in the afternoon, at a point near or where Market street enters Jefferson avenue in that city. Jefferson avenue runs north and south, South 21st street east and west. A short distance to the north of this intersection, Market street enters Jefferson avenue. The respondents were proceeding south on Jefferson avenue in a Ford sedan driven by Sherrill. A truck owned and operated by the appellant was going north on Jefferson avenue. After it crossed the intersection of that street with South 21st street it turned into Market street. There is a conflict in the testimony as to whether, at the time the accident occurred, the truck was to the left of the center of Market street. There was evidence that the truck was proceeding at an unlawful rate of speed and was on the wrong side of the street. The left front of the Ford sedan collided with the front of the truck and the sedan was badly damaged. Both respondents suffered serious shock and were cut by flying glass, Miss Frazer very seriously.

Upon the appeal two questions are presented: First, that there was error in the instructions; and second, that the verdict in each case is excessive.

By instruction 13 the jury were told that, under the laws of this state, vehicles passing each other when going in opposite directions shall pass on the right and each shall give the other one-half of the road, and if the truck, "without justification or necessity," attempted to pass the Ford sedan and was on the wrong side of the street and collided therewith, then the driver of the truck was guilty of negligence. This instruction does not, as did the one given in *Bone v. Yellow Cab Co.*, 129 Wash. 503, 225 Pac. 440, make it negligence *per se* to be on the wrong side of the street. It contained qualifying words which did not appear in the instruction given in that case. These qualifying words were, as indicated, that if the truck was on the wrong side of the street without "justification or necessity," then it would constitute negligence. The instruction as given is supported by the holding in *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, where it was said:

"Circumstances may arise where it is entirely proper, in the exercise of reasonable care, to violate the ordinance by turning an automobile to the wrong side of the street. The mere fact that the automobile may be on the wrong side of the street at the time of the collision is not conclusive of negligence, because the driver of the automobile had a right to show why he so did and to excuse that action, and if the jury believed that, in the exercise of ordinary care under the circumstances, he was justified in turning to the wrong side of the street, there could be no negligence in such act upon which recovery could be had."

The other instruction complained of was to the effect that it was negligence to drive a motor vehicle upon or over any street in the city of Tacoma at a speed

greater than twenty miles per hour, or to operate same over any intersection at a speed faster than twelve miles per hour. It concluded with the statement that, if the operator of the appellant's truck crossed the intersection at a speed of more than twelve miles per hour, the appellant would be guilty of negligence, "providing such speed was the cause of the accident." One of the criticisms of this instruction is that the qualifying words just quoted related only to a speed at intersections and did not relate to speed beyond the intersection. In view of instruction 15 which immediately followed, the jury could not have been misled. In that instruction they were told specifically that if the driver of the appellant's truck was guilty of negligence in operating the same upon the wrong side of the street or driving at an unlawful rate of speed, and "that if either one or both of said acts of negligence was the proximate cause of the collision," then the verdict should be for the respondent Miss Frazer and for the respondent Sherrill, providing he was not guilty of contributory negligence. There is the further criticism of this instruction in that it related to the speed of the truck as it approached the intersection near which the accident occurred. There was evidence upon which the instruction was properly based. The speed of the truck as it approached the place of collision was a proper subject of inquiry and it was not error to instruct thereon. *Hullin v. Seattle Taxicab Co.*, 119 Wash. 311, 205 Pac. 403.

The instructions given and complained of, when read in connection with all the instructions given, could not, in any view of the matter, have been prejudicial. The issue which the jury had to determine was definitely submitted in a way that was not misleading. There was no error in the instructions.

Relative to the excessiveness of the verdict, and first as to the award to Miss Frazer. Aside from her hospital and doctor's bill, the jury apparently gave her $3,000. At the time she was employed in the Bank of California at Tacoma, as was Sherrill, and at the time of the accident they were proceeding home from their work. Miss Frazer, from the flying glass, sustained a bad cut on the right side of the face in which the doctor took fifteen sutures, and left both ends of the wound open for drainage on account of the debris in the wound. She had a number of wounds on the right arm or wrist, and in most of these two stitches were taken. She also had a wound on the nose which was ragged and it was necessary to allow it to heal naturally. She suffered shock at the time of the injury, was in the hospital four or five days, and absent from work approximately three weeks. The use of the little finger of the right hand was seriously impaired at the time of the trial, which was eight months after the injury. It interfered with her operating of the typewriter and with playing the piano. The evidence of the doctors as to whether this injury was permanent was not in harmony, but it probably would improve in course of time. The cut on the face left a scar two and one-half inches long in the form of a crescent, starting at the upper point of the ear, extending downward and then up to the eye. There was evidence that the appearance of this scar might be improved by a subsequent operation, but this was problematical and the expense and pain thereof would be considerable. In any event, this young woman, twenty-one years of age, as the result of this accident will go through life with a serious scar upon her face, which cannot be held to be other than a very substantial injury.

When a verdict is challenged because it is claimed

that it was excessive and was the result of passion and prejudice, we only inquire as to whether there was such passion and prejudice. The party, in the absence of such, has a right to the judgment or discretion of the jury as to what will be fair compensation for the injury sustained. The old cases are only of relative value because economical conditions today are not the same as they were ten or fifteen or more years ago. This has been frequently adverted to in our decisions, which it is unnecessary here to assemble. There is nothing in the case that would indicate passion and prejudice on the part of the jury unless it be the amount of the verdict, and it cannot be in this case inferred from that.

As to Sherrill, the jury allowed him apparently $1,000 in addition to his medical and hospital expenses and the damages to the Ford sedan which he owned. He was less seriously injured than Miss Frazer. The doctor who attended him testified that he had a cut over his right eye, cuts on the right hand and some small cuts on the left hand, and abrasions on his knees, and was stuporous as the result of the nervous shock when he saw him soon after the accident. The cuts over his eye and on his hand required stitches. He was confined to the hospital for one day, and afterwards visited the doctor's office about a dozen times when his wounds were dressed. He had an impairment of the use of one finger which interfered to some extent with his work at the time of the trial. He was absent from his work at the bank four or five days. Even though the jury may have been liberal in the amount they allowed, it is not such an amount that we can say that passion and prejudice will be inferred. The injuries of Sherrill are somewhat similar to those which were sustained by the plaintiff in the case of

*Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 167 Pac. 1078, and in that case a verdict of $1,000 was not disturbed.

The judgment in each case will be affirmed.

Parker, Bridges, and Askren, JJ., concur.

Tolman, C. J. (concurring)—While I feel that each verdict was so excessive as to indicate passion and prejudice, yet I cannot set my individual opinion up in opposition to the majority. I therefore reluctantly concur in the results arrived at.