[No. 19080.   Department Two.   July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. L. PARSONS, *Appellant*, R. E. WHEELER *et al., Defendants.*[1]

ROBBERY (7)—EVIDENCE—ARTICLES TAKEN FROM ACCUSED—AD-MISSIBILITY.  Stolen property, found in the possession of the accused after a robbery, though not part of the property which the accused was charged with stealing, is admissible as one of the attendant circumstances.

WITNESSES (122-1)—IMPEACHMENT — INCONSISTENT STATEMENTS.  Accused may be impeached by interrogation as to whether he had not given contrary evidence at a former trial, without laying any foundation therefor.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 5, 1924, upon a trial and conviction of robbery.  Affirmed.

*Burkheimer & Burkheimer,* for appellant.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

HOLCOMB, J.—Appellant and two others were jointly prosecuted, tried and convicted of robbery of another in King county, by violence and putting in fear the prosecuting witness.

The accused were charged with so taking a purse and $1.50 in money.  At the trial, a motometer was introduced in evidence which had been taken by officers from the person of appellant.  At the time of the robbery, the prosecuting witness was in an automobile which was stopped by the defendants, and he was knocked down several times, the purse and money taken from his person, and the automobile driven into Seattle. When the prosecuting witness was stopped in his car, the motometer was upon the car.  When the defendants

[1]Reported in 237 Pac. 497.

were detained by the officers and finally identified and arrested, the motometer had been taken from the car and was in the pocket of appellant.

Appellant contends that the introduction of the motometer in evidence was prejudicial error. It is insisted that, by the direct evidence of the assault and taking of the purse and money alleged in the information, intent was proven and nothing more was necessary to establish criminal intent; that the evidence of the theft of the motometer was unnecessary to establish intent, and its only purpose was to prejudice the jury against appellant.

We have held, adversely to the contention of appellant, that property found in possession of defendants after robbery, although not a part of the property which the accused was charged with stealing, is admissible in evidence. This is upon the theory that the robbery and the circumstances attendant thereon constitute but one transaction. *State v. Conroy*, 82 Wash. 417, 144 Pac. 538; 16 C. J. 610, § 1196.

The next claim of error is on the court's permission to the state to interrogate appellant and his co-defendants as to their testimony upon another trial of the same charge, and without laying a foundation. There had been another trial and conviction of appellant and his co-defendants, and a retrial granted.

During the course of this trial, the prosecuting attorney interrogated appellant and his co-defendants as to their testimony at the prior trial. The record shows that, upon such examination, they admitted that they had testified contrarily to certain things in the former trial. It is always permissible to question witnesses as to former variant statements made anywhere, either under or not under oath. When they admitted that they had testified contrarily to certain things in the former trial it was not necessary to impeach them, the

effect of their inconsistent statements being for the jury. *McDorman v. Dunn*, 101 Wash. 120, 172 Pac. 244.

The third and last claim of error is in not granting a new trial for the reasons contained in the other two claims, and for the further reason that the verdict of guilty, as against appellant, is not sustained by the evidence.

We have disposed of the other two claims, and an examination of the record discloses that there was ample evidence upon which to sustain the conviction.

There is no error, and the judgment must be and is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MAIN, JJ., concur.