[No. 20525. Department One. June 20, 1927.]

ANDREW NOVOTNEY, *Respondent,* v. E. J. THOMPSON et al., *Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (379, 390)—ACCIDENT AT STREET CROSS-ING—ACTION FOR DAMAGES—QUESTION FOR JURY. Upon directly conflicting testimony as to which one of two cars in collision first entered a city street intersection, the question is for the jury.

[2] DAMAGES (80) — PERSONAL INJURIES — EXCESSIVE DAMAGES. A verdict for $1,267.93 for personal injuries sustained by a laborer in an automobile collision is not excessive where it appears that plaintiff sustained a broken rib and arm, was in the hospital eight days, and was disabled from working for several months.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 8, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Vance & Christensen,* for appellants.

*Julia Waldrip Ker* and *Ben S. Sawyer,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,267.93. The defendants moved for a judgment notwithstanding the verdict, and in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict and the defendants appeal.

The accident out of which the litigation arose occurred at about 4:30 p. m. on November 28, 1925, at the intersection of Washington and Tenth streets, in the city of Olympia. Washington street extends north

[1]Reported in 257 Pac. 236.

and south, Tenth street east and west. The respondent was proceeding west on the north side of Tenth street in a Ford automobile owned and operated at the time by a Mr. Jones. The appellant E. J. Thompson, who will be referred to as though the only party on that side of the controversy, was proceeding south on the west side of Washington street. The cars came together in the intersection of the two streets mentioned. The respondent was thrown from the Ford automobile in which he was riding and sustained the injuries for which he seeks recovery.

[1] The first question is, whether there was evidence to take the question of negligence on the part of the appellant and the claimed contributory negligence of the respondent to the jury. The respondent and Jones testified that they approached the intersection going at a speed of from twelve to fifteen miles an hour, and were more than two-thirds across it when struck by the appellant's automobile. They further testified that, at the time they entered the intersection, they saw the appellant approaching, 175 or 180 feet distant. The appellant testified that he entered the intersection first and that, as he was crossing the same, the car in which the respondent was riding attempted to cross in front of him. Under this evidence, the questions of negligence and contributory negligence were obviously for the jury. The evidence was positively conflicting upon the vital issues in the case. In what has been here said we have assumed, without so deciding, that the negligence of Jones, the operator of the Ford automobile, if any, would be imputed to the respondent.

[2] The next question is whether the verdict was so excessive as to show passion and prejudice on the part of the jury. After the accident, the respondent was taken to the hospital in an ambulance, where he

remained for approximately eight days. He sustained a broken rib and a fracture of the radius of the right arm, as well as being somewhat bruised. He was disabled from pursuing his ordinary vocation, that of a laborer, for a number of months, and suffered some pain. Under these facts, it cannot be said that the verdict was so large as to show passion and prejudice on the part of the jury.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.