[No. 21206. Department One. July 27, 1928.]

CHARLES NACCARATO et al., Respondents, v. S. J. PENGELLY et al., Appellants.[1]

[1] MUNICIPAL CORPORATIONS (383)—STREETS—NEGLIGENT USE—STRIKING PEDESTRIAN—CONTRIBUTORY NEGLIGENCE. A pedestrian is not guilty of contributory negligence in crossing a road with an approaching car in view, where there was time to pass, and she was struck after crossing the paved portion of the road by a car driven at excessive speed and sounding no warning.

[2] DAMAGES (80)—EXCESSIVE DAMAGES IN GENERAL. A verdict for $1,500 for personal injuries sustained by a pedestrian is not excessive, where she was knocked down by an automobile and had one rib broken, was unable to work for six months, and lost $410 in wages and suffered considerable pain.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered October 14, 1927, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries. Affirmed.

*Charles E. Swan,* for appellants.

*Joseph J. Lavin* and *James P. Dillard,* for respondents.

FRENCH, J.—Respondent Mary N. Naccarato was struck by an automobile driven by appellant S. J. Pengelly on the evening of February 16, 1927, and brings this action to recover damages for the injuries sustained. The case was submitted to a jury, which returned a verdict in favor of the plaintiffs for $1,500, and this appeal follows.

It seems to be conceded by appellants that the lower court ruled correctly on the admission and rejection of testimony; no exceptions were taken to the instructions, appellants raising the contention only that re-

¹Reported in 269 Pac. 813.

spondents were guilty of negligence as a matter of law, and that the verdict is grossly excessive in amount.

The facts as detailed by respondents' witnesses— and these are the facts which we must assume to be true in passing on the question of whether respondents were guilty of negligence as a matter of law— are about as follows:

Respondents lived on the north side of the highway in the village of Dishman, near Spokane, and on the evening in question left their home for the purpose of calling on relatives who resided on the south side of the highway. The paved portion of the road running through the village is approximately eighteen feet wide, and the speed limit at this place is twenty miles per hour. On approaching the paved portion of the highway, respondents stopped, before stepping upon the pavement, and permitted an automobile approaching from the east to pass. They saw appellants' car approaching them from the west. It was at that time more than two hundred and fifty feet away. Both respondents fixed the position of the car relative to a certain sign board which was admittedly more than two hundred and fifty feet from the scene of the accident. Respondents' testimony is that they had crossed the paved portion of the highway and were approximately twenty feet off the pavement when Mrs. Naccarato was struck by appellants' car, causing the injuries complained of.

There is abundant testimony in the record indicating that appellant was driving at an excessive rate of speed; that he left the paved portion of the highway without warning, and that respondents had apparently passed from the zone of danger before the accident happened.

[1] We have many times held that, where one steps in front of an approaching car and is injured, even

though the approaching car be running at an unlawful rate of speed, the doctrine of contributory negligence will bar recovery, if the danger is open and apparent. But such a doctrine has no application in this case. Here respondents had crossed safely the paved portion of the highway and had no reason to anticipate that there was any danger whatsoever from appellants' car after leaving the pavement. Under circumstances such as we have here detailed, the verdict of the jury is binding upon the court.

[2] On the question of the amount of the verdict, practically the undisputed evidence shows that respondent was knocked down, badly bruised, one rib broken, and that she was unable to work for more than six months after the accident; that she had lost $410 in wages; and her own testimony in connection with the testimony of her neighbors and the attending physician indicate that she had suffered a considerable amount of pain. The jury saw the plaintiffs and had an opportunity to listen to their testimony, and returned a verdict in the amount of $1,500. The trial court, being familiar with all the facts and circumstances, refused to interfere with the amount of the verdict. Under such circumstances, we cannot say that $1,500 was an excessive amount to be allowed for the damages sustained.

Judgment affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.