[No. 21674. Department One. March 14, 1929.]

O. M. ONKELS, *Respondent,* v. C. S. STOGSDILL *et al., Appellants.*[1]

[1]Reported in 275 Pac. 692.

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellants.

*Samuel B. Bassett,* for respondent.

BEALS, J.—Plaintiff recovered judgment against defendants on account of injuries suffered by him and damage to his automobile, as the result of a collision with defendants' automobile, the circumstances surrounding the accident being as follows: Plaintiff resides on the west side of the "North Trunk Road" between Seattle and Everett. A private roadway leads from his garage to the highway, which it reaches about three hundred feet south of a cross road. In front of plaintiff's property, the highway is approximately ninety feet wide, the paved portion thereof being approximately twenty feet in width.

On the forenoon of April 13, 1928, plaintiff was driving from Seattle northerly to his home. As he approached the roadway leading to his garage, he drove his car off the paved portion of the highway onto the right-hand shoulder of the road, and allowed some traffic, which had been following him, to pass. He then turned to his left across the highway, and, just as his car was leaving the paved portion of the road, or shortly thereafter, a collision occurred between his car and that owned by defendants, which was proceeding south. Plaintiff's car was damaged, and he suffered injuries to his person, consisting of a broken rib and a cut on his head, besides bruises from which he suffered pain and inconvenience for some time following the accident.

To the complaint, defendants answered with denials and an affirmative plea of contributory negligence on plaintiff's part. The trial of the action to a jury resulted in a verdict in plaintiff's favor in the sum of $1,500, from which defendants appeal.

No error is assigned upon either the admission of evidence or the instructions to the jury. Appellants contend that the trial court erred in overruling their challenge to the sufficiency of respondent's testimony to support a verdict, in denying appellants' motion for a judgment notwithstanding the verdict, in overruling appellants' motion for a new trial and in entering judgment upon the verdict in favor of respondent. These assignments of error will be considered together.

Respondent's home fronts on a portion of the highway which is straight for approximately one thousand feet, and it is undoubtedly the law that respondent, in undertaking to make a left-hand turn and cross the highway at a point other than a roadway intersection, is held to the exercise of extraordinary care and caution for the preservation of his own safety, and to avoid injury to others traveling upon the highway. When respondent turned to his left, he placed appellants' automobile on his right and appellants' machine thereby acquired such benefit as would attach to the enjoyment of the right of way. Respondent testified that he saw appellants' car as he turned, but thought he had plenty of time to cross the road in safety. It is not contended that appellants' car was proceeding at an unlawful rate of speed, the testimony concerning its speed placing it rather under, than over, the permitted rate. Respondent testified that appellants' car did not moderate its speed, and that, just as respondent's car was leaving the highway, appellants' car turned off the highway, toward respondent, with the result that the two cars collided. Respondent contends that, had the driver of appellants' car kept on the pavement, no collision would have occurred. There was testimony to the effect that the driver of appellants' car was

talking to persons in the back seat, and was not maintaining a careful lookout ahead.

Appellants cite cases in which this and other courts have held that, under the circumstances of the particular case decided, a party, whose actions somewhat resembled those of respondent in the case at bar, was guilty of contributory negligence and thereby precluded from recovering damages; and respondent cites other cases in which it has been held that other parties, under somewhat similar circumstances, were not guilty of contributory negligence.

We have examined the record in the case before us, and we can only say that, granting, as appellants contend, that, under the circumstances, respondent, in turning to his left across the highway, must be held to the exercise of extraordinary care, we believe that the evidence introduced at the trial presented a question which was properly submitted to the jury, and that the trial court was correct in refusing to hold that, as matter of law, respondent was guilty of contributory negligence. Judge Fullerton, speaking for this court in the case of *Webber v. Park Auto Trans. Co.,* 138 Wash. 325, 244 Pac. 718, referring to a somewhat similar situation, says:

"It is true also that the record discloses circumstances which tend somewhat strongly to show that the respondents were guilty of contributory negligence. But the evidence was at best conflicting, making the question one for the jury to determine. This court cannot say that the verdict of the jury was without substantial evidence in its support, and it is only when it so appears that the appellate court is permitted to set aside the verdict and direct a judgment for the other side."

This language applies with equal force to the case at bar, the following decisions of this court being also in point: *Kaufman v. Sickman,* 116 Wash. 672, 200 Pac.

481; *Novotney v. Thompson,* 144 Wash. 155, 257 Pac. 236; *Hirst v. Standard Oil Co.,* 145 Wash. 597, 261 Pac. 405; *Keller v. Waddington,* 142 Wash. 474, 253 Pac. 646.

Finally, appellants contend that the verdict is excessive, and that the jury, in returning the same, must have been influenced by passion and prejudice. While the verdict is generous in amount, considering the injuries suffered by respondent and the admitted amount of damage to his automobile, it does not appear that the verdict is so out of proportion to the damages as to enable us to say that the jury, in returning the same, was actuated by either passion or prejudice. The trial court heard the testimony, and did not feel that the amount of the verdict required any corrective action on its part. This court has refused to modify somewhat similar verdicts in the cases of *Dahlstrom v. Northern Pac. R. Co.,* 98 Wash. 390, 167 Pac. 1078; *Sherrill v. Olympic Ice Cream Co.,* 135 Wash. 99, 237 Pac. 14; *Keller v. Waddington, supra; Naccarato v. Pengelly,* 148 Wash. 429, 269 Pac. 813.

Finding no error in the record, the judgment appealed from is affirmed.

MILLARD, FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.