[No. 26929. Department One. March 8, 1938.]

JOE RANDALL, *Respondent,* v. COWLITZ AMUSEMENTS, INC., *Appellant.*[1]

*John F. McCarthy,* for appellant.

*E. D. Germain,* for respondent.

[1]Reported in 76 P. (2d) 1017.

SIMPSON, J.—This action was instituted by plaintiff to recover damages occasioned by being ejected from a seat on the lower floor of the theatre owned and operated by defendant.

In his complaint, the plaintiff alleged that, on June 14, 1936, he purchased a ticket, paying the regular price thereof, entitling him to admission to the Kelso theatre, owned by defendant corporation; that the ticket entitled him to the occupancy of any vacant seat in the theatre, and that, after its purchase, he was duly admitted and directed to take a certain aisle therein and find a seat, which directions he followed; that, after he had selected his seat on the lower floor of the theatre, one of the ushers came to him with the information that he would not be allowed to remain in and occupy such seat, but directed him to take a seat in the balcony; and that therefore he was wrongfully and unlawfully ejected from the lower floor of the theatre by reason of the fact that he was a negro.

In its answer, the defendant denied all of plaintiff's allegations.

The case was tried to a jury and verdict returned in favor of plaintiff in the sum of three hundred dollars. Thereafter, motions were made for a judgment notwithstanding the verdict and for a new trial, both of which were denied by the trial court. This appeal follows.

Appellant assigns as error on the part of the trial court the denying of its motion for judgment notwithstanding the verdict and the denial of its motion for a new trial.

The basis of respondent's claim for damages was that he was deprived of the right of a seat on the lower floor of the theatre during the show solely on account of his color.

The law in this state is well settled that a per-

son may recover damages if he is denied the full privileges of any place in a public resort or place of amusement by reason of his color. *Anderson v. Pantages Theatre Co.,* 114 Wash. 24, 194 Pac. 813.

The evidence most favorable to respondent, and which the jury were entitled to believe, is as follows: The respondent, a colored man, lived in the city of Longview. On the 14th day of June, 1936, he purchased a ticket to the Kelso theatre, paying the regular admission price for that day of twenty-one cents; that he entered the theatre and was directed to the right aisle. He went down the right aisle and took a seat, and ten minutes after he had seated himself an usher came to him and said, "The manager gave us orders not to let no colored people sit on the first floor." He told her he had paid twenty-one cents for the seat and was entitled to remain where he was. Thereafter, the usher talked to Mr. Dickens, the manager of the theatre, who then came to respondent and informed him that he must take a seat on the balcony of the theatre and offered respondent his money back if he didn't care to so change his seat.

The testimony further showed that, a few minutes afterwards, a policeman came to respondent, tapped him on the shoulder, and invited him to go outside and have a talk with the manager; that he followed the policeman outside, where he was again told by the manager that he would have to either take a seat in the balcony of the theatre or leave altogether, whereupon he left the theatre and did not return.

In cross-examination, respondent somewhat receded from his contention that he was told he had to leave his seat on the lower floor on account of his color, but we feel there was sufficient evidence submitted to the jury to show that respondent had been ejected on account of being a negro. The testimony of the wit-

nesses was contradictory, but such testimony having been properly submitted, it was for the jury to determine the facts. We are not in position to say upon the whole record that such verdict in respondent's favor was not supported by the facts.

The jury heard the testimony and determined the amount of recovery, and such award should be sustained unless clearly erroneous.

■ Compensation for damages on account of injuries of this nature is, of course, incapable of yardstick measurement. It is impossible to lay down any definite rule for measuring such damages, and the amount of recovery must of necessity be left to the sound discretion and judgment of the jury, subject to be revised by the court only when it clearly appears to be excessive, as was said in *McKenzie v. North Coast Colliery Co.*, 55 Wash. 495, 104 Pac. 801, 28 L. R. A. (N. S.) 1244:

"All the court can do is to see that the jury approximates a sane and temperate estimation, taking into consideration the feelings of the ordinary person as we can best understand them."

■ The trial court saw and observed the demeanor of all the witnesses, including the plaintiff, and thereafter refused to disturb the jury's verdict when a motion for a new trial was presented. It will be observed that one of the grounds urged for a new trial was: "Damages so excessive as unmistakably to indicate that the verdict must have been the result of passion and prejudice."

We are not prepared to hold that there was any abuse of discretion on the part of the trial court in denying the motion for a new trial and allowing the verdict to stand. *Eoff v. Spokane, P. & S. R. Co.*, 70 Wash. 270, 126 Pac. 533; *McDorman v. Dunn*, 101 Wash. 120, 172 Pac. 244; *Brammer v. Percival*, 133 Wash. 126,

233 Pac. 311; *Naccarato v. Pengelly,* 148 Wash. 429, 269 Pac. 813.

We cannot say that the amount of the verdict is so disproportionate to the injury complained of as to indicate it was the result of passion or prejudice on the part of the jury. We therefore see no reason for disturbing it.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.