[No. 30916. Department Two. September 6, 1949.]

MARY WHEATON *et al., Respondents,* v. KENNETH STUCK, *Appellant.*[1]

[1]Reported in 209 P. (2d) 377.

*Lester T. Parker,* for appellant.

*John E. Close,* for respondents.

ROBINSON, J.—This action arose out of an automobile collision which took place on a county road in Grays Harbor county, known as the Stilson or Wagner road. At the point where the accident occurred, the Stilson road runs in a north-south direction. A private road comes into it from the west.

On July 3, 1947, respondents, Mary Wheaton and G. H. Wheaton, were driving their automobile along the Stilson road in a northerly direction and at a speed of from thirty to thirty-five miles an hour. The width of the road was not established with certainty. At the time of the trial, the graveled portion was twenty feet wide, but there was testimony suggesting that, at the time of the accident, it was several feet narrower. In any event, there was only one well-defined lane of travel on the road, which was marked by two ruts or tracks running down its center. The remainder of the road was covered with loose gravel. The Wheaton vehicle, Mrs. Wheaton driving, was following these ruts at the time of the collision.

Appellant, Kenneth Stuck, was driving his automobile along the private road. When he reached the intersection, his view south along the Stilson road was blocked by trees. He did not stop his vehicle, but proceeded out into the Stilson road and was turning right when the front end of his automobile collided with the front left side of the Wheaton automobile. Mrs. Wheaton was injured, and the

Wheaton automobile was damaged. In the trial court, the action was tried to a jury, which returned a verdict for twenty-five hundred dollars in favor of the Wheatons.

Appellant, Stuck, argues that the verdict cannot be sustained because, first, he was not guilty of negligence, and second, respondent Mary Wheaton was guilty of such contributory negligence as would bar her recovery as a matter of law. In addition, he questions certain of the court's instructions.

Appellant admits that he did not stop before entering the Stilson road, in violation of Rem. Rev. Stat., Vol. 7A, § 6360-92 [P.P.C. § 295-35], which provides:

"It shall be unlawful for the operator of a vehicle to emerge from any alley, driveway, building exit, private way or private property or from off the roadway of any public highway, onto the roadway of any public highway or across a sidewalk or into the sidewalk area extending across any such alley, driveway, building exit, private way or private property without bringing such vehicle to a full stop and yielding the right of way to all pedestrians upon such sidewalk and all vehicles upon such public highway."

Appellant argues that it would have been futile for him to stop, since the testimony demonstrated that the trees at the corner of the intersection made it impossible to see to the south until he had actually driven out onto the road. This situation, however, did not justify his merely shifting into second and proceeding directly out upon the road; on the contrary, it rendered it incumbent upon him to proceed with more care than usual. As is said in 5 Am. Jur. 652, § 269:

"Where the vision of the driver of an automobile is obstructed for any cause, ordinary care requires him to proceed with more caution than where he has an unobstructed vision."

Appellant's own testimony, as well as that of disinterested witnesses, indicated that, although the view of the Stilson road to the south was blocked at the intersection itself, from some distance back on the private road it was possible to see automobiles, or at least dust from automo-

biles, approaching the intersection. There was sufficient evidence from which the jury could have found that appellant, in driving directly out on the road without stopping, or without attempting to ascertain whether any vehicles were approaching on the road, failed to exercise the degree of care required by the circumstances, and was, therefore, negligent.

Appellant's charge that Mrs. Wheaton was guilty of contributory negligence is based on her alleged violation of Rem. Rev. Stat., Vol. 7A, § 6360-75 [P.P.C. § 295-1], which reads as follows:

"Whenever any person is operating any vehicle upon any public highway of this state he shall at all times drive the same to the right of the center of such highway except when in the exercise of care in the overtaking and passing of another vehicle traveling in the same direction, or where an obstruction exists it is necessary to drive to the left of the center of such highway, providing the same is done with due care and right of way is extended to vehicles traveling in the proper direction upon the unobstructed portion of the public highway."

██ We have consistently held, however, that the mere fact that an automobile involved in an accident was being driven on the wrong side of the street does not render the driver of the vehicle guilty of negligence as a matter of law. *Purdie v. Brunswick,* 20 Wn. (2d) 292, 146 P. (2d) 809. The driver has a right to justify his action, and if the jury is of the view that, in so doing, he was in the exercise of ordinary care, there is nothing on which a finding of negligence can be based. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Bone v. Yellow Cab Co.,* 129 Wash. 503, 225 Pac. 440. Furthermore, it must be shown that the alleged violation of the law is a proximate cause of the accident. If the accident would have occurred regardless of such violation, the right of recovery remains. *White v. Kline,* 119 Wash. 45, 204 Pac. 796; *Bone v. Yellow Cab Co., supra.*

In the instant case, there was testimony to the effect that the graded portion of the Stilson road was covered with loose gravel, most of which had worked over to the sides

of the road, where it reached a depth of six or eight inches. A state patrolman testified that the one set of tracks, ground into the center of the road, was very clearly established. Mrs. Wheaton, whose home was located off the road, testified that cars going both ways customarily followed these tracks, slowing down and turning to one side only when it was necessary to pass another vehicle. Concerning driving on the heavily graveled area along the sides of the road, Mrs. Wheaton testified as follows:

"Q. What was your experience so far as being able to handle the car was concerned when you were driving in that gravel? A. It is almost impossible. Q. What did the car do, slide or bog down? A. It shimmies,— . . . The car shimmies when it gets in the gravel for the road is 'wash-boardy.' "

We think that there was sufficient testimony to permit the jury to find that this loose gravel constituted an obstruction within the meaning of the statute, and that, although the one well-defined lane of travel in the road straddled its center, Mrs. Wheaton was in the exercise of ordinary care in following it. We are, therefore, not of the opinion that she must be held contributorily negligent as a matter of law.

We find no reversible error in the instructions as given by the court.

The judgment is affirmed.

SIMPSON, C. J., JEFFERS, SCHWELLENBACH, and GRADY, JJ., concur.