[No. 31472. *En Banc.* August 24, 1951.]

HENRY SHIELS, *Respondent,* v. GEO. W. PURFEERST *et al.,*
*Appellants.*[1]

[1] Reported in 235 P. (2d) 161.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for appellants.

*Koenigsberg & Oseran,* for respondent.

MALLERY, J.—An automobile driven by Geo. W. Purfeerst struck Henry Shiels while the latter was crossing U. S. highway 99 on foot a short distance south of Seattle. Shiels brought this action for damages. Judgment was entered for plaintiff on a jury verdict. Defendants appeal. Purfeerst will be referred to as if he were the only defendant and appellant.

The accident occurred at 7:45 p. m. on October 16, 1948, at a point opposite the Twinn Inn Cafe, some five hundred feet south of the crossing at south 154th street. The highway at this point consists of two southbound and two northbound lanes, with a four-foot strip of white gravel in the center of the highway. The two northbound lanes, each ten feet wide, are divided from each other by a yellow center line. The surface of the road is blacktop and practically level for several blocks north and south of the point of collision. Purfeerst was driving northerly towards Seattle, and Shiels was crossing the highway from west to east. There is no crossing where the accident occurred.

In accordance with the often repeated rule, we accept the evidence most favorable to the respondent's version of the facts.

Before starting across the highway, respondent looked to the north and saw lights of vehicles approaching about four blocks away. He also looked to the south and saw the lights of approaching cars about the same distance away. He then stepped onto the traveled portion of the highway and proceeded at a normal pace straight across the highway. As he was crossing the center gravel strip, he again looked to the south and saw approaching lights at a distance of about two and one-half blocks. He was not able to tell how fast they were coming. He did not stop or remain standing in the center strip. As he reached the yellow center line dividing the two northbound lanes, he again glanced to the

south, at which time he saw the lights of a car in the outside lane at a distance of about a half block. Just as respondent glanced to the south at the center line of these two northbound lanes, he was struck by the right front fender of appellant's automobile, which had approached from behind him on the inside lane. Respondent did not see appellant's car. He did not hear a horn.

In the pleadings, during the trial, and on appeal, the respondent took the position that the appellant was negligent and that he was not contributorily negligent.

He contended, among other things, that the appellant was negligent, because he did not have control of his car due to his speed. We quote from his brief, which is the last word as to his version of the facts in the case:

"Appellant's automobile left skidmarks of approximately 120 feet in length along the pavement immediately south of and leading up to the point of collision. . . .Mrs. Hartshorn also testified that she was inside her home, close to the scene of the collision, and that she 'heard the screeching of brakes and the tires.' "

We accept the inference respondent draws from this that appellant was speeding, as well as the inherent one that appellant tried to stop for a distance of one hundred twenty feet and was unable to do so.

At the threshold of this case, we are met with a determinative fact. The respondent violated the existing statute requiring him to yield the right of way to the appellant. This was negligence *per se* and a proximate cause of the injury as a matter of law. Rem. Rev. Stat., Vol. 7A, § 6360-99 [P.P.C. § 295-49]; *Shelton v. Bennett,* 32 Wn. (2d) 529, 202 P. (2d) 461.

The legal effect of the contributory negligence rule makes the question of appellant's negligence academic, because respondent is precluded from a recovery in any event.

Respondent contends, in the face of the statute, that he was not negligent, because he used ordinary care in crossing the highway. All persons are charged with a general nonstatutory duty of care for their own safety upon all occasions. It may very well be that, in the absence of the

statutory right-of-way rule, the respondent's evidence was sufficient to make a jury question as to his negligence. What respondent's contention amounts to is that the right-of-way rule does not apply if he was not otherwise negligent or, in other words, that the statute is merely admonitory, not mandatory. We think no such intention may be imputed to the legislature.

2 Restatement of the Law of Torts 1239, § 469, states:

"A plaintiff who has violated a legislative enactment designed to prevent a certain type of dangerous situation is barred from recovery for a harm caused by a violation of the statute if, but only if, the harm was sustained by reason of a situation of that type."

It is apparent that right-of-way rules are intended to prevent injuries from collisions, except rear end collisions, of course, and that the injuries resulting therefrom would not have occurred but for the failure to yield the right of way.

We have repeatedly said that failure to yield the right of way was negligence as a matter of law. See *Shelton v. Bennett, supra,* and the cases cited therein.

Respondent cites *Cox v. Kirch,* 12 Wn. (2d) 678, 123 P. (2d) 328, and *Wood v. Copeland Lumber Co.,* 32 Wn. (2d) 490, 202 P. (2d) 453, on the theory that they hold to the contrary. These cases, however, involved collisions which occurred on the defendant driver's wrong side of the road. The rule to be derived from them is no more than that failure to yield the right of way outside of the motorist's own lane of travel, is not negligence as a matter of law.

Respondent, however, contends that between pedestrians and motorists the right of way is relative, in accordance with the rule of *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533. There is dicta in *Cox v. Kirch, supra,* to the effect that the right of way of vehicles over pedestrians is the same as between vehicles. However, this can avail respondent nothing. Even under *Martin v. Hadenfeldt, supra,* failure to yield the right of way is negligence, as a matter of law, unless

"The driver on the left assumes and meets the burden of producing evidence which will carry to the jury the ques-

tion of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would *deceive* a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed." (Italics ours.)

■ The doctrine of *Martin v. Hadenfeldt, supra,* has not been extended. Substantiation of a justifiable claim of deception has never been excused. Respondent did not tender this factual issue to the jury accompanied with the request for appropriate instructions. The doctrine is, therefore, not available to him.

■ Notwithstanding respondent's contributory negligence, as a matter of law, he may prevail if he has a right to invoke the doctrine of last clear chance. This is because the doctrine of last clear chance is an outright exception to the contributory negligence rule. It is not predicated on a defendant's violation of a rule of the road, but upon the general nonstatutory duty of care one must have for the safety of others under all circumstances. When a defendant has a clear opportunity to avoid an injury, he must do so. Under such circumstances, the contributory negligence of a plaintiff may be frankly admitted and is not a defense.

■ One may violate the rules of the road and still have a last clear chance to avoid a collision, but any lessening of control of one's car resulting from such a violation also detracts from the clearness of his opportunity to avoid a collision. Thus, the higher the speed of the defendant, the greater is the distance needed for a last clear chance to stop. Hence, a showing of antecedent negligence, which need not be shown under last clear chance, may in some instances make the doctrine inapplicable. This would be true where the antecedent negligence of both parties created a situation where an injury could not be avoided.

■ In our consideration of the applicability of the doctrine of last clear chance to the instant situation, we are not concerned with respondent's contributory negligence as such nor with appellant's antecedent negligence, if any. What must be determined is whether appellant had a last clear chance, under all the circumstances, to avoid the ac-

cident. When he saw the respondent's peril he had the duty to try to avoid injuring him. This he did, as even respondent asserts, by skidding one hundred twenty feet. It is true his effort was unsuccessful, but appellant is not rendered liable thereby. He simply failed in his effort to escape the natural results of the emergency created by respondent's negligence. The quantum of his effort precludes finding that he had a last clear chance to avoid the injury. At best there was only a possibility of success. That is not enough. See *Bergstrom v. Ove, ante* p. 78, 234 P. (2d) 548, and *Shultes v. Halpin*, 33 Wn. (2d) 294, 205 P. (2d) 1201. The doctrine of last clear chance is not available to respondent in this case.

The judgment is reversed.

BEALS, HILL, GRADY, HAMLEY, DONWORTH, FINLEY and WEAVER, JJ., concur.

SCHWELLENBACH, C. J., concurs in the result.

---

January 9, 1952. Petition for rehearing denied.