[No. 32116.   Department One.   November 20, 1952.]

LORNA MAE McCORMICK, *by L. W. McCormick, her Guardian ad Litem, Respondent,* v. ARNOLD R. GILBERTSON *et al., Appellants.*[1]

*H. Earl Davis,* for appellants.

*Leo N. Cashatt* and *Jerome Williams,* for respondent.

[1]Reported in 250 P. (2d) 546.

MALLERY, J.—This is an action brought by the guardian *ad litem* of eighteen-year-old Lorna Mae McCormick for personal injuries sustained by her shortly before nine a. m., on June 20, 1949. The sky was slightly overcast, and the streets were dry. The front of plaintiff's bicycle collided with the right front of defendant's automobile. From a verdict and judgment for plaintiff, defendant appeals.

The accident occurred at the intersection of Nineteenth avenue and Cedar street, in the city of Spokane. Cedar is a properly marked arterial street forty feet wide. It runs north and south and declines slightly to the north. Nineteenth avenue is forty-five feet wide, runs east and west declining slightly to the west, and intersects Cedar street at right angles. Maple boulevard, which will not be further noticed herein, enters Cedar street opposite Nineteenth avenue at an angle.

At the time in question, plaintiff was riding her bicycle west on Nineteenth avenue at a speed of five miles an hour. She was going to her home, which was around the corner to the left on the far side of Cedar street. She did not stop at the arterial street nor look out for traffic thereon, but swung left into the intersection in a wide arc.

By his own testimony, defendant, who was driving north on Cedar street, saw plaintiff when she entered the intersection and had her in view continuously until the collision. He testified that plaintiff was going at a constant speed, that she did nothing to avoid his car, and that he did not think she even looked toward him.

The impact occurred at a point approximately where the center line of Cedar street intersects the extended south curb line of Nineteenth avenue. Defendant testified he was driving at about twenty-five miles an hour. The impact, according to defendant's theory, was twenty-six feet from the point that he testified he first saw plaintiff enter the intersection, and a little over thirty feet from the place where plaintiff testified she entered it. Assuming plaintiff entered the intersection at the point defendant claims she did, it may be deduced that defendant traveled one hundred

thirty feet prior to the impact after plaintiff entered the intersection. On the other hand, the distance would be one hundred fifty feet if plaintiff entered the intersection where she testified she did. These inferences are based upon the testimony in the record that plaintiff was traveling five miles an hour and defendant was traveling twenty-five miles an hour.

Defendant did not swerve his car or apply his brakes prior to the impact. Thereafter, he applied his brakes and his car skidded fifty-six feet before coming to rest one hundred three feet away. This is well within the distance available to him for preventive action.

The question of when an instruction on last clear chance should be given to the jury is a question of law. *Bergstrom v. Ove,* 39 Wn. (2d) 78, 234 P. (2d) 548. When, under the evidence most favorable for plaintiff, there is not a clear opportunity for defendant to avoid the accident, the doctrine is not applicable. *Shiels v. Purfeerst,* 39 Wn. (2d) 252, 235 P. (2d) 161. Thus, where a defendant is confronted by an emergency created by the negligence of a plaintiff and does what he can to avoid an injury, he is not liable under the doctrine of last clear chance, even though his course of action is not the wisest choice and is unsuccessful. *Bergstrom v. Ove, supra.* Defendant, by his own testimony, after he was aware of plaintiff's presence for a distance within which he could have stopped, did nothing. It was for the jury to say whether he had a last clear chance to avoid the injury. Therefore, it must be held that the verdict as returned is sustained by the record.

Defendant contends that the trial court erred in permitting plaintiff to waive the allegations in the complaint touching the negligence of defendant, and those negativing contributory negligence by plaintiff. It is, of course, the privilege of a plaintiff to waive any allegations he chooses. It was not error to do so prior to the trial so that defendant would be aware of the restricted issues in the case. Indeed, such candor is commendable.

Defendant contends the trial court erred in refusing

to dismiss at the close of plaintiff's case; but, since he did not stand upon his motion, he thereby waived it. *Sevener v. Northwest Tractor & Equipment Corp., ante* p. 1, 247 P. (2d) 237.

Defendant contends the trial court erred in refusing to instruct the jury to bring in a directed verdict upon the ground that there is not sufficient evidence to support it. This assignment of error is not well taken for the reasons heretofore given.

▉ Defendant contends the trial court erred in giving an instruction on the doctrine of last clear chance, because it did not require plaintiff to be in an inextricable situation. Of course, where a plaintiff is not in an inextricable position his negligence must be held to have continued up to the time of the injury. Under the rule of *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, "the plaintiff's negligence may continue up to the time of the injury if the defendant *actually sees* the peril." This is the situation in the instant case. The assignment is not well taken.

The other assignments of error are formal in nature, and require no consideration.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.