[No. 33048. Department Two. March 24, 1955.]

ANNA A. ROLOFF, as *Executrix, Appellant,* v. LYMAN K. BAILEY, *Respondent.*[1]

*Gavin, Robinson & Kendrick,* for appellant.

*Olson & Palmer* and *J. W. McArdle,* for respondent.

[1]Reported in 281 P. (2d) 462.

MALLERY, J.—This action for damages for the wrongful death of Gustaf A. Roloff, was commenced by his widow, Anna A. Roloff, as executrix of his estate, against Lyman K. Bailey, whose automobile struck him on December 5, 1953.

At about 6:15 p. m., decedent alighted from a city bus at the northwest corner of Adams and Fair avenues, in the city of Yakima. He then walked south on the west side of Fair avenue toward the next intersection at Pacific avenue, which is an east-west street. At about the middle of the block, he veered diagonally across Fair avenue toward the east side of the street. At this time, defendant was driving north on Fair avenue at forty miles an hour. Before he reached the Pacific avenue intersection, he saw Roloff in his lane of travel in the middle of the next block. At the entrance to the Pacific avenue intersection, he put on his brakes and skidded over ninety feet in an attempt to avoid striking him.

It is admitted that defendant's speed made him guilty of negligence as a matter of law, and was *a* proximate cause of the collision.

The decedent was guilty of contributory negligence as a matter of law. See RCW 46.60.250 [*cf.* Rem. Supp. 1949, § 6360-99], which reads, *inter alia*:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

See, also, our holding in *Shiels v. Purfeerst,* 39 Wn. (2d) 252, 235 P. (2d) 161.

Accordingly, the trial court dismissed the action. The plaintiff appeals.

Appellant contends that the trial court erred in finding the decedent guilty of contributory negligence as a matter of law, and urges upon us the possibility that, when struck, the decedent was in the crosswalk intersection of Fair and Pacific avenues.

She relies upon the testimony of respondent and the testimony of the decedent's sons, who testified to the ad-

missions against interest made by respondent to them the day after the accident. At that time, they went with respondent to the scene of the accident. His version of the facts was that, when he approached the Pacific avenue intersection, the decedent suddenly stepped out into his lane of travel from the east side of Fair avenue and walked toward the west. He asserted he had no opportunity to avoid the accident.

Respondent gave the same version of the facts at the trial, but at no time placed the decedent in the crosswalk. The sons' testimony as to respondent's admissions against interest does not do so directly. However, Ray Roloff marked a picture, which had been admitted in evidence, at the place he thought respondent had said his father had been when he was struck. The mark is in the crosswalk, and, if this testimony is credible, it makes a jury question as to decedent's contributory negligence.

We think, however, that respondent's testimony and his admissions, which are to a like effect, cannot be believed, because they are in irreconcilable conflict with the undisputed physical fact that the decedent was struck on his right side. If he had been proceeding from east to west according to respondent's testimony, he would have been struck on his left side.

In *Mouso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 179 Pac. 848, we said:

"While this court has often held that the question of contributory negligence would not be taken from the jury and decided as a matter of law unless the commission or omission of the acts as shown were so palpably negligent as to preclude the possibility that reasonable men might differ concerning them, yet, in a case like this, where the physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ."

The theory of respondent's testimony and admissions being incredible, under this rule, and there being no other evidence to support a jury finding that the decedent was in the crosswalk when struck, we are constrained to uphold

the trial court's finding of contributory negligence as a matter of law.

Appellant contends that the trial court erred in denying her motion for a new trial because of newly discovered evidence. She now wants to use the testimony of a man who lived four houses away from her. It is not contended that this witness saw the collision, but only that he heard it from behind him.

We are not concerned, at this time, with the witness' handicap as to speaking or writing, or with the difficulties of obtaining his testimony. Appellant apparently considered them great enough to warrant not using him as a witness at the trial. Appellant talked with the wife of the witness the night of the tragedy, and was told what he knew. She was later informed that the witness and his wife were planning a trip to California. Appellant's counsel, a week prior to the trial, learned all about the witness and did not seek a continuance because of his temporary absence in California. Appellant is still bound by her election to dispense with his testimony at the trial. The trial court did not err in denying the motion for a new trial.

Appellant contends that, in any event, the case should be submitted to a jury upon the doctrine of last clear chance.

We hold that this case falls under the rule announced in *Shiels v. Purfeerst, supra.* Skidding for ninety feet is inconsistent with a clear opportunity to avoid a collision. Appellant asserts it is possible for respondent to have had an opportunity to avoid the collision by swerving his car to the left, which a jury should be allowed to pass upon. It is difficult to imagine a case where a jury could not find that it was possible for a driver to have elected some successful course of action, other than the one that failed. That is not the test of the applicability of the last clear chance doctrine. In *Shiels v. Purfeerst, supra,* we said:

"The quantum of his effort precludes finding that he had a last clear chance to avoid the injury."

The nature of the effort can be of any kind that a reasonably prudent man might make. If the quantum of such

an effort to avoid an injury is commensurate with the opportunity presented to do so, the existence of a last clear chance is negatived.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.