[No. 33258. Department One. September 1, 1955.]

JOY M. STOKES, *Appellant*, v. KEITH JOHNSTONE, *Respondent*.[1]

[1]Reported in 287 P. (2d) 472.

*Abbott & Lant*, for appellant.

*Bogle, Bogle & Gates* and *Robert V. Holland*, for respondent.

OTT, J.—October 8, 1952, at about 1:30 a. m., plaintiff, Joy M. Stokes, was proceeding south in her automobile on highway No. 99, a few miles north of Bellingham, Washington. It was a clear, moonlit night, and the road was dry. At the intersection of highway No. 99 and the Bakerview road, the plaintiff had what we will term a preliminary accident. As a result, plaintiff's automobile stopped upon the traveled portion of highway No. 99 and could not be moved with its own power.

Soon after this preliminary accident, Carl Anderson, also driving south, arrived on the scene. He parked his vehicle off the highway to the west, opposite plaintiff Stokes' automobile and parallel to highway No. 99. The headlights of both vehicles were burning. Those on Mr. Anderson's jeep were shining down the highway toward oncoming traffic. While plaintiff and Mr. Anderson were on the left-hand side of plaintiff's automobile, on the highway, attempting to remove it therefrom, the defendant, Keith Johnstone, approached from the south in his automobile, which hit the left rear of plaintiff Stokes' automobile and also struck the plaintiff and Mr. Anderson, seriously injuring them.

Plaintiff Stokes instituted this action to recover damages for her injuries.

At the trial, defendant gave a detailed account of the events preceding the accident. He testified that he first saw the headlights of a vehicle about one thousand feet up the highway and that, at that time, he was traveling at approximately forty-five miles an hour. He immediately dimmed the headlights of his car and, upon receiving no response, turned them on and off high beam several times, but still

received no response. Defendant estimated that he was about one hundred feet away when he first saw the automobile of plaintiff. He immediately applied the brakes, his car skidded some distance, and the collision followed. The defendant testified that he at no time saw the plaintiff or Mr. Anderson on the highway.

A state patrolman testified that the skid marks on the highway from the tires of defendant's automobile measured about eighty-three feet in a straight line, and were in defendant's lane of travel.

Witnesses for the plaintiff estimated the speed of defendant's car at approximately sixty miles an hour as he approached the scene of the accident. There was testimony, which was denied by the defendant, that he was under the influence of intoxicating liquor. Defendant did admit having had several drinks a few hours before. A sample of his blood, taken shortly after the accident, showed an alcoholic content of point twenty (.20) per cent.

The trial before a jury resulted in a verdict for the defendant. Plaintiff's motion for a new trial was denied, and judgment was entered dismissing plaintiff's complaint with prejudice. This appeal followed.

Appellant's main contention on this appeal is that the trial court erred in refusing to give her proposed instructions relating to the doctrine of last clear chance.

The question of whether or not an instruction on last clear chance should have been given to the jury is a question of law. *McCormick v. Gilbertson*, 41 Wn. (2d) 495, 497, 250 P. (2d) 546 (1952), and case cited.

This court has recognized the hazard of being blinded by the headlights of vehicles approaching on the highway. We have held that a driver was not guilty of contributory negligence, as a matter of law, in failing to see or stop when his vision was obscured by the glare of oncoming headlights. *Smith v. Barnes*, 36 Wn. (2d) 795, 220 P. (2d) 670 (1950), and cases cited.

In several of our decisions, we have held that the doctrine of last clear chance contemplates a last *clear*

chance, not a last *possible* chance. *Bergstrom v. Ove,* 39 Wn. (2d) 78, 83, 234 P. (2d) 548 (1951), and case cited. Also, where the defendant has done everything possible to avoid the accident, as evidenced in the instant case by the length of the skid marks, the doctrine of last clear chance has no application.

In 2 Restatement, Torts, 1256, § 479, comment f, the rule is stated as follows:

"If the defendant, after discovering the plaintiff's peril, does all that can reasonably be expected of him, the fact that his efforts are defeated by antecedent lack of preparation or a previous course of negligent conduct is not sufficient to make him liable. All that is required of him is that he use carefully his then available ability."

This court stated, in *Bergstrom v. Ove, supra,* at p. 83:

"Accordingly, we hold, as a matter of law, that appellant did not have a *clear* chance to avoid the injury while he was skidding one hundred seventy-five feet down the road, in his attempt to stop. The instruction on last clear chance should not have been given."

In *Shiels v. Purfeerst,* 39 Wn. (2d) 252, 256, 235 P. (2d) 161 (1951), this court stated:

"What must be determined is whether appellant had a last clear chance, under all the circumstances, to avoid the accident. When he saw the respondent's peril he had the duty to try to avoid injuring him. This he did, as even respondent asserts, by skidding one hundred twenty feet. It is true his effort was unsuccessful, but appellant is not rendered liable thereby. He simply failed in his effort to escape the natural results of the emergency created by respondent's negligence. The quantum of his effort precludes finding that he had a last clear chance to avoid the injury. At best there was only a possibility of success. That is not enough. [Citing cases.] The doctrine of last clear chance is not available to respondent in this case."

Also, in *McCormick v. Gilbertson, supra,* at p. 497, we held:

"Where a defendant is confronted by an emergency created by the negligence of a plaintiff and does what he can to avoid an injury, he is not liable under the doctrine of last

clear chance, even though his course of action is not the wisest choice and is unsuccessful."

In *Myers v. West Coast Fast Freight*, 42 Wn. (2d) 524, 531, 256 P. (2d) 840 (1953), this court, in holding that, as a matter of law, an instruction on last clear chance was not justified under the facts of the case, stated as follows:

"Appellant came into view of respondent's driver when he was seventy-five to one hundred feet away. . . . When he saw and appreciated appellant's peril, . . . he had the duty to avoid injuring him. He attempted to meet this duty, when the necessity arose for him to do so, by applying the brakes when the truck was thirty to thirty-five feet from appellant. As we said in *Shiels v. Purfeerst*, 39 Wn. (2d) 252, 257, 235 P. (2d) 161:

" 'He simply failed in his effort to escape the natural results of the emergency created by respondent's [appellant's] negligence.' "

In the recent case of *Roloff v. Bailey*, 46 Wn. (2d) 358, 361, 281 P. (2d) 462 (1955), we said:

"We hold that this case falls under the rule announced in *Shiels v. Purfeerst, supra*. Skidding for ninety feet is inconsistent with a clear opportunity to avoid a collision."

 Considering the decisions of this court, texts, and the particular facts of the instant case, we hold that, as a matter of law, the trial court did not err in failing to give an instruction on the doctrine of last clear chance.

Appellant also contends that the trial court erred in failing to instruct as follows:

"In determining whether or not a party used ordinary care as I have defined the term, you are instructed that such party is required to exercise the degree of care which an ordinarily prudent person, if sober, would exercise under the same or similar circumstances."

 The trial court did not err in refusing to give this requested instruction. Sober persons, as well as those persons who are not sober, are required to exercise the same degree of care. Regardless of the circumstances, the rule applies to anyone confronted with an emergency, as was respondent here. In the case at bar, the jury, after consid-

ering all the facts, determined there was insufficient evidence to prove that respondent did or failed to do anything that a reasonable and prudent person would or would not have done under the same or similar circumstances. The jury was properly instructed as to the law and, after applying the law to the facts, determined adversely to the appellant.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

