[No. 35270.    Department Two.    August 4, 1960.]

ROBERT B. KERLIK, *Respondent*, v. CHRISTINA JERKE *et al.*, *Appellants.*[1]

*Joseph A. Barreca* and *Orvin H. Messegee*, for appellants.

*Martin, Shorts & Bever*, for respondent.

FOSTER, J.—Respondent Kerlik, plaintiff below, sued appellants Jerke and Wilcox, defendants below, for damages resulting from an automobile collision. Appellants cross-complained against the respondent. The case is here on appeal from an order (mislabeled "Order Granting Sum-

[1]Reported in 354 P. (2d) 702.

mary Judgment"; see *Maybury v. Seattle*, 53 Wn. (2d) 716, 336 P. (2d) 878) dismissing appellants' cross-complaint, which order became a final judgment because of the subsequent settlement and dismissal of the respondent's action against appellants, leaving nothing remaining for trial.[2]

Appellants contend that the proofs disclose a genuine issue of fact respecting the appellants' contributory negligence and the respondent's negligence.

On such assignment, we view the evidence in the light most favorable to the aggrieved party, together with all favorable inferences. The facts may be summarized as follows: Appellants intended to enter a north-south arterial highway from a private parking area on the west sidewalk (to the right of southbound vehicles). The way from the parking area onto the highway was directly in front of a parked beer truck. Appellant driver looked from behind the parked truck for southbound traffic, saw the traffic signal at the intersection approximately one hundred fifty feet north turn red for southbound traffic, and proceeded immediately in front of the parked truck into the inside of the double southbound lane. He paused momentarily for a northbound car with the front of his vehicle protruding slightly over the street's center line, and his car was struck broadside by respondent's southbound automobile.

Prior to the impact, appellants did not see respondent's car. They admitted that their view from behind the parked

---

[2]Respondent moved for summary judgment. The court found appellants negligent as a matter of law and respondent Kerlik free from negligence. Appellants' liability was fixed by a pretrial order (mislabeled "Order Granting Summary Judgment"), and trial was limited to the issue of damages. Appellants' cross-complaint against respondent was dismissed. Appeal is taken from the pretrial order limiting the issues and dismissing the cross-complaint.

Had the issue of damages in respondent's action against appellants remained for trial, there would be no final judgment. The case would not then be ripe for appeal. *Hontz v. White*, 55 Wn. (2d) 909, 348 P. (2d) 420; *Maybury v. Seattle*, 53 Wn. (2d) 716, 336 P. (2d) 878. However, pending this appeal, the parties settled that controversy, and the complaint of Kerlik against the appellants was dismissed. Nothing further remained for trial, and the judgment dismissing appellants' cross-complaint then became a final judgment.

See, also, *Owens v. Kuro, ante* p. 564.

truck was substantially blind, but that, after seeing the light at the northerly intersection turn red, they proceeded onto the highway without again stopping at the front of the truck to observe possible southbound cars.

The uncontradicted evidence is that respondent went through a green light at the intersection in question at a lawful speed.

From such evidence, the court must necessarily have concluded that there could be no dispute that, by the time appellant driver saw the light turn red, respondent had already passed through the intersection on a green light, and that respondent's car was then located on the portion of the highway between the intersection and appellants' point of entrance, which portion of the highway was blocked from appellants' view by the parked truck. Because of the obstruction, appellants did not see respondent's car which was there to be seen. Appellants either never looked again, before nor while entering upon the highway, or if they did, again failed to see the car which was there to be seen.

■ Appellant driver was, therefore, negligent as a matter of law. By RCW 46.60.190, a car entering an arterial highway from a sidewalk area has the duty to stop and to yield the right of way to those traveling on the highway. There is no statutory compliance when the driver looks while stopped at a point from which his view is obstructed. He must stop and look from a point where approaching traffic is visible. *Weaver v. McClintock-Trunkey Co.*, 8 Wn. (2d) 154, 111 P. (2d) 570, held:

" . . . The purpose of the . . . law is to require the operator of a vehicle, emerging from an alley, as in the case at bar, onto a public highway, to stop, before entering upon such public highway, *at a point where he can see traffic approaching from either direction upon such highway. Hamilton v. Caldwell*, 195 Wash. 683, 81 P. (2d) 815; *Hefner v. Pattee*, 1 Wn. (2d) 607, 96 P. (2d) 583; and *Pyle v. Wilbert*, 2 Wn. (2d) 429, 98 P. (2d) 664." (Italics ours.)

Because appellant driver's view was obstructed, it was incumbent upon him to proceed with extraordinary care. In *Wheaton v. Stuck*, 34 Wn. (2d) 725, 209 P. (2d) 377, we approved the statement in 5 Am. Jur. 652, § 269:

" 'Where the vision of the driver of an automobile is obstructed for any cause, ordinary care requires him to proceed with more caution than where he has an unobstructed vision.' "

In *Sandberg v. Spoelstra*, 46 Wn. (2d) 776, 285 P. (2d) 564, this court held:

"Plaintiff's driver had a right to take the truck and trailer back onto the highway from the parking place on the private driveway, but in leaving such parking place it was his duty: (1) to bring his vehicle to a full stop at a point where, before entering the highway, he could see traffic approaching from either direction; (2) to look in both directions and observe traffic conditions; (3) to yield the right of way to all vehicles upon the highway; and (4) to adopt such additional precautions as may have been necessary to assure a reasonable margin of safety under the existing circumstances. See RCW 46.60.190 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6360-92]; *Cooney v. Tacoma Moving & Storage Co.* (1930), 155 Wash. 628, 285 Pac. 667; *Weaver v. McClintock-Trunkey Co.* (1941), 8 Wn. (2d) 154, 111 P. (2d) 570, 114 P. (2d) 1004; *Wheaton v. Stuck* (1949), 34 Wn. (2d) 725, 209 P. (2d) 377."

Appellant driver did not comply with his duty to stop and observe from a point where traffic could be seen. As a result, he failed to see the approaching car and did not yield the right of way to such car. He was negligent as a matter of law.

■ Appellants cannot claim that they were deceived by respondent and are within an exception to the rules applicable to disfavored drivers. They could not have been deceived by what they did not see. *King v. Molthan*, 54 Wn. (2d) 115, 338 P. (2d) 338.

Appellants contend that a genuine issue of fact was raised respecting respondent's negligence. However, there was no evidence that respondent ran a red light or proceeded at excessive speed; but there was evidence to the contrary.

■ Appellants argue for application of the doctrine of last clear chance. Whether that doctrine is applicable to the facts of a given case and should be considered by the jury is a question of law for the court. *Shultes v. Halpin*, 33 Wn.

(2d) 294, 205 P. (2d) 1201; *Erickson v. Barnes*, 6 Wn. (2d) 251, 107 P. (2d) 348.

■ *Roloff v. Bailey*, 46 Wn. (2d) 358, 281 P. (2d) 462, is peculiarly applicable. We there stated:

"We hold that this case falls under the rule announced in *Shiels v. Purfeerst, supra* [39 Wn. (2d) 252, 235 P. (2d) 161]. Skidding for ninety feet is inconsistent with a clear opportunity to avoid a collision. Appellant asserts it is possible for respondent to have had an opportunity to avoid the collision by swerving his car to the left, which a jury should be allowed to pass upon. It is difficult to imagine a case where a jury could not find that it was possible for a driver to have elected some successful course of action, other than the one that failed. That is not the test of the applicability of the last clear chance doctrine. In *Shiels v. Purfeerst, supra,* we said:

" 'The quantum of his effort precludes finding that he had a last clear chance to avoid the injury.'

"The nature of the effort can be of any kind that a reasonably prudent man might make. If the quantum of such an effort to avoid an injury is commensurate with the opportunity presented to do so, the existence of a last clear chance is negatived."

The evidence is undisputed that respondent applied his brakes upon observing appellants' car. Lengthy skid marks were apparent. The fact that it was possible for respondent to have elected a different course of action does not render the last clear chance doctrine applicable where, as here, the effort exercised was reasonable. *Roloff v. Bailey, supra.* See, also, *Stokes v. Johnstone*, 47 Wn. (2d) 323, 287 P. (2d) 472.

The doctrine of last clear chance contemplates a last *clear* chance, not a last *possible* chance. *Klouse v. Northern Pac. R. Co.*, 50 Wn. (2d) 432, 312 P. (2d) 647; *Bergstrom v. Ove*, 39 Wn. (2d) 78, 234 P. (2d) 548; *Shultes v. Halpin, supra.* As a matter of law, the facts of this case do not justify application of the last clear chance doctrine.

The judgment is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and OTT, JJ., concur.

---

September 29, 1960. Petition for rehearing denied.