[No. 37601. En Banc. November 4, 1965.]

AMELIA WEITZ, *Appellant*, v. JOHN P. WAGNER, *Respondent.**

*Reported in 407 P.2d 456.

*J. D. McMannis*, for appellant.

*Robert E. Stoeve* and *Benjamin H. Kizer*, for respondent.

HUNTER, J.—This action arises from injuries sustained by Amelia Weitz, plaintiff (appellant), when she was struck by a car driven by the defendant (respondent), John P. Wagner, in the city of Colfax.

The plaintiff was employed in the courthouse in Colfax. It was her custom to walk home from work. The courthouse is situated on the northeast corner of the intersection of Main and Island Streets. Main Street is the main arterial through the town running north and south; Island Street runs east and west. On the evening of the accident, September 5, 1962, the plaintiff left work shortly after 5 p.m., and crossed Main Street, walking in a westerly direction on the sidewalk on the north side of Island Street. The sidewalk continues for approximately 55 feet from the curbline, after which distance the sidewalk ends and gravel covers the area continuing to the railroad tracks, beyond which the sidewalk again commences. The concrete paving of Island Street also terminates at the end of the stub sidewalk. A narrowed asphalt pavement approximately 21 feet wide then continues west. The north edge of the asphalt is approximately 9 feet south of the north curbline. The gravel beginning at the end of the sidewalk extends out to the edge of the narrowed asphalt pavement. On the south of the concrete pavement termination of Island Street the curb jogs to the north about 3½ feet and then extends west along the south edge of the asphalt pavement. For further illustration of the area, exhibits D and 2 are incorporated herein:

The plaintiff contends that when she reached the end of the sidewalk, she proceeded on the edge of the gravel to a point adjacent to the asphalt roadway when she was struck from behind by defendant's vehicle, and thrown to the ground. The defendant contends the plaintiff was on the concrete pavement at the time she was struck by the defendant's vehicle. The defendant (Wagner) attempted to remove his vehicle from the plaintiff by reversing the automobile, but succeeded only in pulling her along a short distance because one of her legs was caught under the front portion of the car. At this time, a witness, David Walker, parked his car and started running to the defendant's automobile. The defendant then started to jack up the front end of the vehicle but it rolled back off the jack and onto the plaintiff, who was lying prone and was still caught under the vehicle. Walker then picked up the front end of the defendant's car and moved it backwards to clear the plaintiff.

The evidence revealed that the brakes on defendant's car were defective and required that the foot pedal be

pumped more than once before sufficient pressure could be gained to apply the brakes.

There was evidence that the defendant, 76 years old, had had a few beers at a local tavern before the accident. There was conflicting testimony as to whether the defendant was intoxicated.

The exact point of impact is in dispute. When the car struck the plaintiff, she was knocked forward and down; the wheels did not pass over her; she was lying diagonally to the car with her legs under the front axle and her body ahead of the car. When the car was finally cleared from her, the witnesses agree that she was then lying about 9 feet south of the south edge of the sidewalk and 48 feet west of the west curbline of Main Street, about 7 feet east of the end of the sidewalk. The cuts, bruises and abrasions on plaintiff's body were filled with small gravel particles.

The plaintiff brought this action alleging that her injuries were sustained by reason of the defendant's negligent operation of a motor vehicle on the public streets, and by reason of the defendant's wanton, willful and reckless conduct in knowingly operating a defective instrumentality on the public streets. The answer alleges in substance that the injuries, if any, were solely caused by plaintiff's negligence.

The case was tried by the court sitting with a jury, and the jury returned a verdict in favor of the plaintiff. The court granted the defendant's motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The plaintiff appeals.

█ The plaintiff first contends the trial court erred in granting the defendant's motion for judgment notwithstanding the verdict. We agree. Although the plaintiff's testimony was inconsistent, the most favorable inference from her testimony clearly placed her off the asphalt pavement onto the edge of the gravel at the time of the accident. This the jury was entitled to believe. *Mutti v. Boeing Aircraft Co.*, 25 Wn.2d 871, 877, 172 P.2d 249 (1946); *Sawyer v. Department of Labor & Indus.*, 48 Wn.2d 761, 296

P.2d 706 (1956); *Miller v. Treat*, 57 Wn.2d 524, 358 P.2d 143 (1960).

The plaintiff's testimony, together with the physical evidence that the plaintiff had been dragged to the east and had gravel imbedded in abrasions on her body, constituted sufficient evidence to support a determination by the jury that the plaintiff was off the paved roadway and on the gravel when she was struck by the defendant's car.

The defendant argues, however, that even if the plaintiff was off the pavement when struck, she was nevertheless in Island Street and was thereby guilty of contributory negligence as a matter of law by not yielding the right-of-way. We have examined the record in this regard and find that the city engineer's testimony as to the width of Island Street at the termination of the concrete pavement is indecisive.

Photographs in evidence of the street at this point show a jog in the curb at the beginning of the asphalt on the south and show continuation of the northerly line of Island Street to the west across the railroad tracks where it joins the north curb of the street. It appears that the plaintiff, if walking on the gravel, was in the area which was used for parking and as a driveway by vehicles visiting the building which fronts onto the gravel. If it were improved, this area of the street would appear to be within the parking strip as extended from across the railroad tracks on the west to the termination of the concrete pavement of Island Street at the scene of the accident.

In view of the record it cannot be said as a matter of law that the plaintiff was in the traveled roadway of Island Street if struck by the defendant while she was standing on the gravel off the asphalt pavement. The law is clear that a pedestrian or person on foot has a right to stand or walk upon the shoulder of a highway off the traveled portion of the roadway. *Bergstrom v. Ove*, 39 Wn.2d 78, 234 P.2d 548 (1951); *DeVore v. Longview Pub. Serv. Co.*, 162 Wash. 338, 298 Pac. 717 (1931); *Harry v. Pratt*, 155 Wash. 552, 285 Pac. 440 (1930).

The plaintiff further contends the trial court erred in granting the defendant's motion in the alternative for a new trial should this court reverse its judgment in favor of the defendant notwithstanding the verdict.

The trial court held it was error to submit the issue of the defendant's wanton misconduct to the jury by giving its instruction No. 19. We have carefully examined the record and find no evidence to justify the giving of this instruction. The evidence most favorable to the plaintiff shows the defendant was under the influence of liquor, that he was driving with faulty brakes and had failed to maintain a proper lookout. The evidence also shows the defendant was not traveling at an excessive rate of speed, that his vision of the plaintiff was impaired by a car parked on the north edge of Island Street toward the end of the concrete pavement area, and that the defendant was successful in stopping his car in a very short distance after the plaintiff was struck down.

The record does not show the intentional doing of an act by the defendant which resulted in the plaintiff's injuries, in reckless disregard of the consequences, so as to constitute wanton misconduct. See *Adkisson v. Seattle,* 42 Wn.2d 676, 682, 258 P.2d 461 (1953). The giving of the instruction on wanton misconduct could have denied the defendant the benefit of the defense of contributory negligence, and constituted reversible error.

The defendant further contends the giving of instruction No. 15, relative to the statutory requirements for the maintenance of brakes on motor vehicles and tractors, was erroneous. For the guidance of the trial court upon the retrial of this case, we note that the instruction as given included extensive quotes from the statute which were not material to the facts of the case. The instruction should have incorporated only those parts of the statute which were germane to the issues.

The judgment of the trial court is reversed as to the granting of defendant's motion for judgment notwithstanding the verdict, and affirmed as to granting the defendant in the alternative a new trial.

Rosellini, C. J., Donworth, Finley, Weaver, Ott, Hamilton, and Hale, JJ., concur.

Hill, J. (concurring in part and dissenting in part)—I concur with so much of the majority opinion as grants the defendant a new trial.

I dissent from the conclusion of the majority that the trial court erred in granting a judgment of dismissal notwithstanding the verdict.

The evidence seems conclusive that the plaintiff, when hit, was on the paved portion of the street and, obviously, contributorily negligent in not yielding the right of way to the defendant's vehicle. Under any possible interpretation of the evidence, she was south of the extended line of the sidewalk on which she had been walking and was on the graveled portion within the area of the street open to and used by vehicles, and where the defendant's vehicle had a right to be. Defendant's exhibit No. 2 (incorporated in the majority opinion, p. 303), makes that very clear. There was a sidewalk for pedestrians on the south side of the street (as defendant's exhibit No. 2 also shows), and no necessity for plaintiff to be walking in the gravel.

The pertinent portion of RCW 46.60.250 provides:

> Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

The city ordinance of Colfax recites in part:

> 12.04.160   Pedestrians.
>
> .  .  .  .
>
> B.   Jaywalking. Pedestrians shall not step into that portion of the street open to moving traffic at any point between intersections  .  .  .  except at marked crosswalks or other places specially provided.

The appellant violated both the statute and the ordinance. This violation constitutes negligence per se and was a proximate cause of the accident. *Sinclair v. Record Press, Inc.*, 52 Wn.2d 111, 323 P.2d 660 (1958); *Roloff v. Bailey*, 46 Wn.2d 358, 281 P.2d 462 (1955); *Shiels v. Purfeerst*,

39 Wn.2d 252, 235 P.2d 161 (1951); *Shelton v. Bennett,* 32 Wn.2d 529, 202 P.2d 461 (1949).

I would affirm the trial court's order dismissing the action.