[No. 38501.    Department Two.    October 6, 1966.]

JAKE LANDEIS, *Respondent,* v. HARVIE POOLE *et al.,*
*Appellants.** 

*Splawn & Bounds,* for appellants.

*Velikanje, Moore & Countryman,* for respondent.

TURNER, J.†—Plaintiff Landeis, driving his pickup truck east on U. S. Highway 410, a two-lane highway, was "rear-ended" by a truck owned by defendant Pemberton and driven by defendant Poole, as plaintiff was about to make a left turn into Barbee Road. The accident occurred on January 13, 1964. The highway was slippery due to about one-quarter inch of fresh, wet snow. Before reaching the scene of the accident, both vehicles had ascended a hill which

*Reported in 418 P.2d 717.

†Judge Turner is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

curved to the left. The highway is straight and substantially level at the Barbee Road intersection and for an unspecified distance to the west.

Plaintiff's theory of the accident was that he gave a proper arm signal for a left turn quite a little way down the road, he did not know how far; that he first saw defendant's truck in his rear-view mirror after he had started his turn, and the collision followed almost immediately. Defendant driver's theory was that he had been overtaking plaintiff for some distance; that, after reaching the top of the hill and seeing that the oncoming lane was clear ahead, he pulled over into that lane for the purpose of passing plaintiff, who was then about 200 feet ahead; that when defendant had closed the interval to about 100 feet, plaintiff suddenly changed lanes without signal; this created an emergency, and defendant was unable to avoid the collision. The jury found for plaintiff, and defendants appeal, alleging errors in four instructions.

Instruction No. 7 was as follows:

> You are instructed that a driver is presumed to see what was there to be seen, had he been keeping a reasonably careful lookout. He will not be heard to say that he looked and did not see an object that was there to be seen.

Appellants argue that, since there was no evidence that appellant Poole did not see respondent's pickup at all relevant times, the instruction constituted a comment on the evidence and tended to cause an unfavorable inference against appellants. Respondent seeks to justify the instruction on the theory that he had testified that he had given a left turn signal, and if the jury should accept his version, then appellant's denial that he had seen it would not absolve him from liability.

■ Instruction No. 7 is properly given when the presence of an object is established and a party testifies that he looked and did not see it, when he must have seen it had he looked. *Cf. Silverstein v. Adams*, 134 Wash. 430, 235 Pac. 784; *Chapin v. Stickel.* 173 Wash. 174, 22 P.2d 290; *Socony Mobil Corp. v. Forbes*, 64 Wn.2d 369, 391 P.2d 971.

It is inappropriate where the presence of the object is not definitely established but is disputed. In the case at bar, whether or not respondent gave the turning signal was a substantial issue. The instruction should not have been given. It is unnecessary to decide whether this error alone would require reversal.

The trial court gave instruction No. 20 on the first phase of the last clear chance doctrine, as follows:

> If you find the plaintiff was guilty of negligence which continued up to the time of the accident, but that the defendant actually saw the plaintiff in a position of peril and thereafter had time and opportunity to avoid the accident by the exercise of reasonable care, but failed to do so, then, under the doctrine of last clear chance, notwithstanding the negligence of the plaintiff, your verdict must be for the plaintiff.

Appellant's truck was a new 1964 International van-type truck, loaded with apples. Its speed was about 50 miles per hour. Respondent testified that he had been driving at 25 miles per hour but slowed to 15 miles per hour on approaching the intersection. Appellant driver estimated respondent's speed at 30 to 35 miles per hour, and observed no deceleration. Thus, appellant was overtaking respondent at the rate of from 15 to 35 miles per hour, depending on what respondent's speed was. When respondent changed lanes in front of appellant, the space between them was about 100 feet, an interval which would be closed in about 2 seconds (according to respondent's estimate of his own speed), or at most in about 4 seconds, if appellant's estimate be taken. Both drivers agreed that the highway was slick; respondent testified that "it was impossible to stop." Appellant touched his brakes and his truck swerved off onto the left shoulder of the highway. There was not room to pass respondent on the left, so appellant swung back onto the highway. Appellant testified that he did not know what respondent was going to do; that if appellant should try to pass him on the right and respondent should then return to his proper lane, appellant would run over him. Accordingly, appellant deliberately hit respondent in the rear, hoping to keep both vehicles on the road.

This record is insufficient to warrant a finding by the jury that appellant had a last clear chance to avoid the accident. Respondent was on the wrong side of the road, and his negligence continued to the point of impact. Whether or not he signalled a left turn, there is no evidence that appellant actually saw it. It is not disputed that appellant tried to stop, but because of the slippery highway condition, he could not. There was no room to pass on the left, and there was a ditch on the right. In this emergency, appellant chose a rear-end collision, rather than risking the possibility of more serious damage by attempting to pass on the right.

When the evidence most favorable to a plaintiff does not disclose a clear opportunity for defendant to avoid the accident, the doctrine of last clear chance is not applicable. Where a defendant is confronted by an emergency created by the negligence of the plaintiff, and he does what he can to avoid an injury, he is not liable under the doctrine of last clear chance, even though his course of action is not the wisest choice, and though he is unsuccessful. *McCormick v. Gilbertson*, 41 Wn.2d 495, 250 P.2d 546; *Roloff v. Bailey*, 46 Wn.2d 358, 281 P.2d 462; *Stokes v. Johnstone*, 47 Wn.2d 323, 287 P.2d 472; *Kerlik v. Jerke*, 56 Wn.2d 575, 354 P.2d 702. The doctrine implies thought, appreciation, mental direction and the lapse of sufficient time to act effectually upon the impulse to avoid injury; *Shultes v. Halpin*, 33 Wn.2d 294; 205 P.2d 1201; *Pasero v. Tacoma Transit Co.*, 35 Wn.2d 97, 211 P.2d 160; *Nichols v. Spokane Sand & Gravel Co.*, 64 Wn.2d 219, 391 P.2d 183.

The formal error in instruction No. 10 will not occur on a new trial. There is no merit in the assignment of error based on the instruction relating to the following car doctrine.

For the error in giving instruction No. 20, the judgment is reversed with directions to grant a new trial.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.