[No. 35983.    Department Two.    March 8, 1962.]

ANDREW GLASPER, SR., et al., *Appellants*, v. ARTHUR L. WESTBO *et al.*, *Respondents.*\*

* Reported in 369 P. (2d) 313.

*Charles M. Stokes*, for appellants.

*Gordon, Goodwin, Sager & Thomas*, for respondents.

HUNTER, J.—This is an action to recover damages for personal injuries sustained in an automobile accident.

On the early morning of December 19, 1959, the plaintiffs (appellants), Andrew Glasper, Sr., and his wife, with their two minor children, were proceeding south on U. S. Highway 99, a multiple-lane highway about 10 miles south of Chehalis, when their car developed motor trouble and stopped. They succeeded in steering the car off the roadway onto a 10-foot shoulder, and Mr. Glasper worked on the motor for about 45 minutes. Around 7 a. m., while it

was still dark, they decided to push the car down the roadway in an effort to get it started. Mrs. Glasper and the minor boy pushed the car from the rear and Mr. Glasper pushed the car on the outside by the steering wheel. They had proceeded down the highway in the outside lane for about two blocks when they observed the headlights of the car operated by the defendants (respondents) approaching from the rear. Anticipating the driver would stop to assist in the pushing, the plaintiff husband directed his wife and son to get into their car. The husband remained outside by the steering wheel. At that time his wife, who was in the front seat, called a warning to her husband that the cars were going to collide. The husband opened the front door and jumped into their car just before the collision.

This action was instituted against the defendants by the plaintiffs to recover damages for injuries sustained by the plaintiff husband, his wife, and the two children. The defendant Mr. Westbo counterclaimed for damages. After a jury trial, the jury brought in a verdict for the children against the defendants and a verdict for the defendants on the claim by the plaintiffs. The jury denied damages on Mr. Westbo's counterclaim. This appeal is from the judgment, entered on the verdict in favor of the defendants, dismissing the action of the plaintiffs against the defendants. No appeal is taken from the verdict against the defendants in favor of the minor children or from the denial of Mr. Westbo's counterclaim.

It is inherent in the verdict, by the judgment against the defendants on their counterclaim and the judgment for the minor children, that the jury found the defendants to be negligent in the operation of their car, which was a proximate cause of the collision. The sole remaining question on this appeal is whether the plaintiffs were guilty of contributory negligence at the time of the accident. Therefore, the assignments of error concerning instructions on the issue of the defendants' negligence and damages are not material.

The plaintiffs assign error to certain instructions given

by the trial court and contend the jury was thereby confused in its consideration of the issue of contributory negligence by the plaintiffs.

We need not consider these assignments as we are convinced the record shows the plaintiffs were guilty of contributory negligence as a matter of law.

■ Giving the plaintiffs the benefit of the most favorable inferences from the evidence, we assume that the rear lights of the plaintiffs' car were burning. Nevertheless, the plaintiffs reasonably should have foreseen the danger which they created to users of the highway by pushing their car in the dark on a 60-mile-an-hour freeway in the absence of any warning of their slow progress to traffic approaching from the rear. The unreasonableness of their conduct is even more apparent in view of the fact that they had the alternative of pushing their car off the roadway onto a 10-foot shoulder. Reasonable minds could not differ in concluding that their conduct was negligence and a proximate cause of the accident.

The plaintiffs contend, however, that the court erred by the manner in which the instruction on the doctrine of last clear chance was given. This argument assumes the last clear chance doctrine was a proper issue in the case. We agree with the defendants that it was not.

■ The doctrine has two phases as applied in this state. In the first phase, the plaintiffs' negligence may continue up to the time of the injury if the defendants actually see the peril; in the second, the plaintiffs' negligence must have terminated or culminated in a situation of peril from which the plaintiffs could not, by the exercise of reasonable care, extricate themselves if the defendants did not actually see the peril but, by the exercise of reasonable care, should have seen it. *Leftridge v. Seattle*, 130 Wash. 541, 228 Pac. 302 (1924).

■ The defendant driver testified that he was proceeding at a speed of 55 miles an hour; that he did not see the plaintiffs' car in his lane of travel until he was approximately 100 feet from the plaintiffs' car when it was revealed in his car's headlights which were on low beam. He stated

that he put on his brakes but could not avoid the accident. Even though the jury could have found the rear lights on the plaintiffs' car were burning, there is no evidence that the defendants actually were aware of the plaintiffs' slow progress or stationary condition in time to have avoided the accident. Therefore, the first phase of the doctrine does not apply. It is true that the jury, by its verdict, must have found the defendants were negligent in failing to observe the plaintiffs' car sooner; however, this is of no avail to the plaintiffs in applying the second phase of the doctrine since their contributory negligence had not terminated but continued up to the moment of impact, and they could have averted the accident by taking proper precautions which it was within their power to do. *Coins v. Washington Motor Coach Co.*, 34 Wn. (2d) 1, 208 P. (2d) 143 (1949); *Thompson v. Porter*, 21 Wn. (2d) 449, 151 P. (2d) 433 (1944). The doctrine of last clear chance, therefore, was not a proper issue in the case, and the manner in which the instruction was given on the doctrine was immaterial.

The plaintiffs further contend that the trial court committed prejudicial error when it quashed the subpoena on defendant Ethel Westbo, thereby preventing an examination which may have produced evidence material to the plaintiffs' case.

The motion to quash the subpoena was submitted with affidavits which contained medical testimony that a trial examination would be injurious to Mrs. Westbo's health. The record discloses that during argument on the motion by counsel, the trial court suggested to the plaintiffs' counsel the following alternatives: (1) Grant the motion to quash the subpoena and also strike the defendant Mrs. Westbo's counterclaim for damages or (2) require Mrs. Westbo to appear in court, but allow her to give a deposition without having to get on the witness stand and without the presence of the jury. The defendants' counsel answered that he would rather have Mrs. Westbo's counterclaim dismissed, whereupon the court complied with the first alternative. Under these circumstances, we cannot say that

the trial court abused its discretion in granting the motion. Rule of Pleading, Practice and Procedure 43.04W, RCW Vol. 0.

Our determination that the plaintiffs were guilty of contributory negligence as a matter of law supports the judgment entered upon the verdict. The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.