[No. 36785. Department One. January 2, 1964.]

WILLIAM J. RADECKI, SR., *Appellant*, v. GEORGE B. ADAMS
*et al., Respondents.**

*Sweet & Merrick,* by *H. J. Merrick,* for appellant.

*Henry & Epstein,* by *John A. Henry,* for respondents.

PER CURIAM.—July 3, 1960, at approximately 2:50 p. m., Dr. George B. Adams was driving his Ford station wagon in the city of Bellevue. A short distance ahead, William Radecki, Jr., aged 14, was riding his bicycle on the street in the same direction. The doctor sounded the horn of his automobile as he proceeded at a speed of approximately 40 miles an hour. The boy promptly rode his bicycle to the shoulder of the road. When the doctor was within a few feet of passing William, he rode his bicycle abruptly to his left and directly in front of the station wagon. At the time of the impact, the doctor was exceeding the speed limit of 25 miles an hour, and his automobile skidded approximately 130 feet before stopping. As a direct result of the accident, the boy died.

In the subsequent action for damages instituted by the boy's father, the jury, in answer to special interrogatories,

*Reported in 387 P. (2d) 974.

found the doctor negligent, the boy contributorily negligent, and returned a verdict for the defendant doctor. The plaintiff father appeals.

Appellant's sole assignment of error is directed to the court's failure to give his requested instruction No. 19 as follows:

"If you find the decedent Billy Radecki was guilty of negligence which continued up to the time of the accident, but that the defendant actually saw the boy in a position of peril and thereafter had time and opportunity to avoid the accident by the exercise of reasonable care, but failed to do so, then, under the doctrine of last clear chance, notwithstanding the negligence of the boy, your verdict must be for the plaintiff."

Appellant contends that the facts merited the court's submitting to the jury the first phase of the doctrine of last clear chance.

In *Glasper v. Westbo,* 59 Wn. (2d) 596, 599, 369 P. (2d) 313 (1962), we said:

"The doctrine has two phases as applied in this state. In the first phase, the plaintiffs' negligence may continue up to the time of the injury if the defendants actually see the peril; in the second, the plaintiffs' negligence must have terminated or culminated in a situation of peril from which the plaintiffs could not, by the exercise of reasonable care, extricate themselves if the defendants did not actually see the peril but, by the exercise of reasonable care, should have seen it. *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302 (1924)."

The facts do not support appellant's contention. As the boy rode his bicycle on the shoulder of the road, there existed no condition of peril. The peril developed when William rode abruptly to the left from his established course of travel and directly into the path of the oncoming automobile. The first phase of the doctrine of last clear chance contemplates that one must "actually see the peril" and have sufficient time to appreciate the danger and effectually act. *Stokes v. Johnstone,* 47 Wn. (2d) 323, 287 P. (2d) 472 (1955); *McCormick v. Gilbertson,* 41 Wn. (2d) 495, 250 P. (2d) 546 (1952); *Bergstrom v. Ove,* 39 Wn. (2d) 78, 234

P. (2d) 548 (1951); *Tosto v. Seattle,* 25 Wn. (2d) 281, 171 P. (2d) 194 (1946); *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684 (1920).

In the instant case, the evidence conclusively established that the peril which resulted in William's death arose so instantaneously that the respondent had no last clear chance to avoid the accident.

Whether the jury should be instructed on the doctrine of last clear chance is a question of law. *Stokes v. Johnstone, supra,* p. 325, and case cited; *Shultes v. Halpin,* 33 Wn. (2d) 294, 315, 205 P. (2d) 1201 (1949), and cases cited. Applying the rule to the facts in the instant case, the court did not err in refusing to give appellant's requested instruction No. 19.

The judgment is affirmed.