[No. 299-41137-1.    Division One—Panel 1.    November 23, 1970.]

ESTHER M. WIGTON, *Appellant*, v. CHARLES M. GORDON *et al.*,
*Respondents.*

*Murray & Holmes* and *Joseph D. Holmes,* for appellant.

*Jack E. Hepfer* and *William R. Lanthorn,* for respondents.

SWANSON, J.—Esther M. Wigton had just been to the beauty parlor. She decided to cross Edmonds Way,[1] a 40-foot-wide, 2-lane highway, on foot to return to her apartment located on the other side of the road. She almost made it too, but she did not see Charles Gordon's approaching automobile. When Esther Wigton was only about 10

---

[1]Edmonds Way is located in the city of Edmonds, Washington. The roadway, though 40 feet wide, contains no markings designating parking lanes. Cars were permitted to and did park on both sides of the roadway. However, there were no cars parked at the curb at the time of the accident.

feet from the easterly curb line, she and the defendant Gordon's vehicle collided. The defendant testified he was traveling about 30 to 35 miles per hour when he first saw her approximately 100 feet away. He said that as soon as he noticed her, "I threw my arm over to stop my wife from going through the windshield," and slammed on the brakes "[a]t the same time, automatic." The jury returned a verdict for the defendant. Mrs. Wigton appeals.

▌ The appellant claims the trial court erred in refusing to instruct on the doctrine of last clear chance. She argues that because the trial court felt there was no evidence to justify giving an emergency instruction and since there was reason to believe that the defendant had the last opportunity to avoid the accident, the jury should have been instructed on the doctrine. We disagree. Whether or not the jury should be instructed on the doctrine of last clear chance is a question of law. *Radecki v. Adams,* 63 Wn.2d 535, 387 P.2d 974 (1964). Appellant contends that the facts merited the court's submitting to the jury the first phase of the doctrine. As stated in *Radecki,* 63 Wn.2d at 536,

> The first phase of the doctrine of last clear chance contemplates that one must "actually see the peril" and have sufficient time to appreciate the danger and effectually act. [Citations omitted.]

Unless there is a clear opportunity for the defendant to avoid the accident, when interpreting the evidence most favorable to the plaintiff, the doctrine does not apply. *Shiels v. Purfeerst,* 39 Wn.2d 252, 235 P.2d 161 (1951). The uncontroverted evidence shows that the defendant applied his brakes as soon as he saw the appellant, but nevertheless was unable to stop in time, after skidding "approximately seventy-five or ninety feet . . ." The proof of defendant Gordon's effort to stop and avoid the accident precludes any finding as a matter of law that he had a last clear chance to avoid the accident. In other words, the jury should not be permitted to speculate on what else the defendant might have done to avoid colliding with the appel-

lant. "The nature of the effort can be of any kind that a reasonably prudent man might make." *Roloff v. Bailey,* 46 Wn.2d 358, 361, 281 P.2d 462 (1955). *See also Shiels v. Purfeerst, supra.*

Appellant next assigns error to instructions 9, 10 and 12. However, appellant fails to comply with CAROA 43 which states:

> No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be set out in the brief in full: . . .

Since the instructions are not set out in full, they cannot be considered.

Error is also assigned to the court's refusal to permit appellant's witnesses' testimony concerning the defendant's physical and mental condition at the time of the accident. Because this assignment of error was not argued in appellant's brief, it is regarded as waived or abandoned and will not be considered. *Fowles v. Sweeney,* 41 Wn.2d 182, 187, 248 P.2d 400 (1952).

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.