[No. 304-1.   Division One—Panel 1.   November 23, 1970.]

SALLY K. GARDNER, *Appellant*, v. ROGER OLIN, *Respondent*.

*Griffin & Bortner* and *Mathew D. Griffin,* for appellant.
*Julin, Fosso & Sage* and *H. C. Fosso,* for respondent.

FARRIS, J.—Miss Gardner stopped her automobile in the northbound lane of traffic on Broadway in Everett, Washington, preparing to make a left-hand turn across the southbound lane of traffic into a driveway. Her vehicle was struck from the rear by defendant's truck. Defendant's motion for summary judgment was granted. Miss Gardner appeals.

An Everett city ordinance prohibits left-hand turns except at intersections.[1] The trial court held that violation of the ordinance is negligence per se.

---

[1] "No left-hand turns shall be made by the operator of any vehicle from any public street so as to enter any alley, driveway, building entrance, private driveway or private property or parking place or to enter any public street from such alley, driveway, building entrance or private way; provided, this section shall not be applicable to streets designated by proper municipal authority as one-way streets."

The appellant does not deny violation of the ordinance but argues that it is in conflict with RCW 46.61.185[2] and therefore without effect pursuant to RCW 46.08.020.[3]

■ We find no conflict between the ordinance and the state statute. A city can enact local ordinances to supplement the laws of the state. Article 11, section 11, Washington State Constitution; RCW 46.08.020. The statute is not mandatory in nature. It does not declare that left-hand turns are proper or legal in the circumstances considered; it merely recognizes that these conditions may exist and declares the law with respect to right-of-way under such conditions. The Everett ordinance was reasonable and consistent with the law of the state.

Miss Gardner was a resident of Everett and the accident occurred within the city limits. Her allegation of lack of notice is without merit.

■ Appellant also contends that the trial court erred in holding as a matter of law that the last clear chance doctrine did not apply. Miss Gardner's negligence continued up to the time of the collision.[4] Is there, then, a factual question regarding whether the defendant saw Miss Gardner's peril in sufficient time to appreciate the danger and act effectively. See *Radecki v. Adams*, 63 Wn.2d 535, 387 P.2d 974 (1964); *Glasper v. Westbo*, 59 Wn.2d 596, 369 P.2d

---

[2]"The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

[3]"The provisions of this title relating to vehicles shall be applicable and uniform throughout this state and in all incorporated cities and towns and all political subdivisions therein and no local authority shall enact or enforce any law, ordinance, rule or regulation in conflict with the provisions of this title except and unless expressly authorized by law to do so and any laws, ordinances, rules or regulations in conflict with the provisions of this title are hereby declared to be invalid and of no effect. Local authorities may, however, adopt additional vehicle and traffic regulations which are not in conflict with the provisions of this title."

[4]Therefore, only phase one of the last clear chance doctrine would apply. See *Leftridge v. Seattle*, 130 Wash. 541, 228 P. 302 (1924).

313 (1962). The uncontroverted testimony is that the defendant realized that Miss Gardner had stopped when he was 30 feet from her vehicle and applied his brakes. Under these circumstances, the trial court properly held as a matter of law that the doctrine was not applicable.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied February 3, 1971.

Review denied by Supreme Court March 2, 1971.

